HENRY D. WEIGEL

*v.*

JOHN M. GREEN *et al.*

*Opinion filed October 24, 1905—Rehearing denied Dec. 12, 1905.*

1. DEEDS—*grantee of life tenant takes no greater interest than the grantee possesses.* A grantee of a life tenant takes an interest in the land for the life of his grantor, and has no greater interest, by virtue of the deed alone, notwithstanding the deed purports to convey a title in fee simple.

2. SAME—*grantee relying on recitals of a deed relating to title does so at his peril.* A grantee who relies upon a recital in the deed to the effect that the grantor is the sole heir and legatee of the former owner does so at his peril, and cannot invoke the same as an estoppel against those entitled, under the will, to the remainder after the death of the grantor, who was in fact merely a life tenant.

3. LIMITATIONS—*possession is not adverse to remainder-men until preceding estate terminates.* Possession of land by the grantee of a life tenant is not adverse to the remainder-men before the death of the life tenant, even though coupled with the payment of taxes and the making of improvements.

4. NOTICE—*when party must be held to have notice of will.* A recital in a deed that the grantor is the "only heir and legatee of Katherine Stipp, late of Lawrence county, in the State of Indiana, deceased," is sufficient to put the grantee upon inquiry as to the will, and he must be regarded as having legal notice of its terms even though, for lack of proper authentication as a foreign will, the recorded copy of the will does not operate as constructive notice.

5. WORDS AND PHRASES—*the word "legatee," used in deed, may mean "devisee."* The word "legatee," used in a deed in describing the grantor as the "only heir and legatee" of a certain person, may be regarded as meaning the donee of real property by devise as well as the donee of personal property.

APPEAL from the Circuit Court of Macon county; the Hon. W. C. JOHNS, Judge, presiding.

This is an action of ejectment, begun on July 28, 1904, in the circuit court of Macon county by the appellees, John M. Green, James F. Green and Emma D. Green Hulse, all of whom are non-residents of this State, against the appellant, Henry D. Weigel, to recover ten acres of land in said county,

described as the east half of the west half of the north-east quarter of the north-west quarter of section 16, town 17, north range 2, east of the third principal meridian. A plea of the general issue was filed, and by agreement a jury was waived, and the cause was submitted for trial before the court without a jury. The court rendered judgment, finding that the appellees were the owners in fee as tenants in common of the premises in question, and that appellant was in possession of the same, and it was therefore considered by the court that appellees recover said premises of the appellant, and appellees were thereby adjudged to be the owners of said premises; and it was further adjudged that a writ of possession issue against the appellant, and in favor of appellees, and that appellees recover their costs. The present appeal is prosecuted from such judgment.

The material facts, the most of which were embodied in written stipulations between the parties, are substantially as follows:

The land mentioned in the declaration was originally granted by the United States to the State of Illinois for the use of schools in the township where the same is located, and said land was accepted by Illinois. On February 5, 1850, the State of Illinois issued a patent for said land to David Krone. In May, 1856, David Krone conveyed said premises to Katherine Ann Stipp, and the deed to Katherine Ann Stipp was duly recorded in Macon county. Katherine Ann Stipp died testate in Lawrence county, Indiana, where she then resided, on or about March 31, 1861. She left a will, dated June 19, 1856, the material part of which was as follows: "I, Katherine Ann Stipp, do give and bequeath to my grand-daughter, Martha Ann Judah, all my estate, lands, moneys, personal property, with all my effects, to her during her lifetime, and to her children after her death. And if she, Martha Ann Judah, should have no children at her death, I do give and bequeath all my property, lands, effects, money and all my estate to my brothers and sisters, or to their heirs, to be

theirs forever to be equally divided between all my brothers and sisters and their heirs." The will was signed by Katherine Ann Stipp by her mark, and there were two witnesses to it, to-wit, Isaac Denson and Michael Stipp, the latter signing by his mark. The will in question—with an affidavit by said Isaac Denson subscribed and sworn to on May 29, 1861, before Davis Harrison, clerk, and three certificates attached, each dated July 11, 1904—was recorded in the recorder's office of Macon county on July 14, 1904. The affidavit of May 29, 1861, attached to the will, by Denson, one of the subscribing witnesses, has as its venue, the State of Indiana, Lawrence county, and is as follows: "I do solemnly swear that the foregoing will of the testatrix was duly executed by her in my presence and in the presence of Michael Stipp, the other subscribing witness, who, with myself, subscribed our names thereto at the request of the said testatrix, and in her presence, and in the presence of each other, and that the said testatrix was at the time competent to devise her property, and not under coercion." The first certificate, dated July 11, 1904, has the venue aforesaid, and is by Boone Leonard, clerk of the circuit court of Lawrence county of Indiana, in which he certifies, "the foregoing to be a true, perfect and complete copy of the last will and testament of Katherine Ann Stipp, now remaining on file in my office, the same being recorded in my office in Will Record 'A' at page 188; and that said will was duly executed and proved agreeably to the laws and usages of the said State of Indiana," to which is affixed the seal of the court, besides the signature of the clerk. The second certificate of July 11, 1904, has the same venue, and is by James B. Wilson, judge of the circuit court of Lawrence county, who certifies that said Leonard, "whose name is subscribed to the foregoing certificate of attestation, now is, and was at the time of signing and sealing same, clerk of Lawrence circuit court of Lawrence county aforesaid, and keeper of the records and seal thereof, duly elected and qualified to office; that full faith

and credit are, and of right ought to be, given to all his official acts as such in all courts of record, and elsewhere; and that his said attestation is in due form of law and by the proper officer." The third certificate, dated July 11, 1904, is signed by Boone Leonard, clerk of said Lawrence county circuit court, has the same venue, and certifies "that James B. Wilson, whose genuine signature appears to the foregoing certificate, was at the time of signing the same, judge of the Lawrence circuit court of Lawrence county, duly commissioned and qualified; that full faith and credit are, and of right ought to be given to all his official acts as such in all courts of record, and elsewhere."

Appellees on the trial below offered in evidence a copy of said will, and of the affidavit of probate by Isaac Denson, as attached thereto, which copies of the will and of said affidavit are above set forth, with the following certificates attached thereto, to-wit, one certificate by Davis Harrison, clerk of the court of common pleas of Lawrence county, Indiana, per Charles T. Woolfolk, deputy clerk, dated May 29, 1861, witnessing his hand and seal of said court at Bedford, wherein said clerk certified "that the foregoing will of Katherine Ann Stipp, deceased, has been admitted to probate before said court on this day; that the same was proven by the oath of Isaac Denson one of the subscribing witnesses thereto, and that a complete record of said will and the testimony of said witnesses had been duly recorded in record book in my office, entitled 'Record of Wills A,' page 188;" also, a second certificate by Davis Harrison, clerk of the court of common pleas for the county of Lawrence, Indiana, dated July 20, 1861, witnessing his hand and the seal of said court, certifying "that administration with the will annexed of the estate of Katherine Ann Stipp, late of Lawrence county, deceased, who died intestate, is granted to Israel Judah, and said Israel Judah, having qualified and given bond as such administrator, he is duly authorized to take upon himself the administration of such estate according to law."

The copy of the will last mentioned was filed for record in the recorder's office of Macon county in book 11 on page 318 on January 27, 1863, it being agreed that said book 11 in the possession of the circuit court clerk and *ex officio* recorder is a book kept and in the possession of the said circuit court clerk, in which are recorded deeds and other instruments relative to the title of lands in Macon county, Illinois.

Martha Ann Judah was a grand-daughter of the testatrix, Katherine Ann Stipp, and resided in Lawrence county, Indiana, at the time of the death of Katherine Ann Stipp. Martha Ann Judah, the grand-daughter, was lawfully married to Cornelius Green in Lawrence county, Indiana, on or about November 18, 1862, and she and Green lived together as husband and wife until his death. Martha Ann Green, (formerly Martha Ann Judah,) died at her home in Lawrence county on or about February 19, 1904. She left surviving her, as her only children, John M. Green, James F. Green and Emma D. Green Hulse, the appellees herein. John M. Green was forty years old on February 11, 1904, and resides at Pueblo, Colorado; James F. Green was thirty-four years of age on December 15, 1904, and resides in Lawrence county, Indiana; Emma D. Green Hulse, formerly Emma D. Green, was lawfully married to one Walford R. Hulse on or about November 25, 1884, and now survives her husband, and is thirty-six years old, and resides in Lawrence county, Indiana.

On March 28, 1864, Martha Ann Green, (formerly Martha Ann Judah,) and Cornelius Green, her husband, executed a deed, conveying said premises to Daniel Weigel, which deed was recorded in the recorder's office of Macon county May 14, 1864. By the terms of the latter deed the premises were conveyed to Daniel Weigel, and "his heirs and assigns forever, in fee simple as a sure, perfect and absolute estate," and contained a covenant that, at the time of the delivery thereof, the grantors were the lawful owners of the premises and seized thereof in fee simple absolute, and

that they would warrant and defend the same in the quiet and peaceable possession of said Weigel, his heirs and assigns forever. Daniel Weigel entered into possession of the said premises under said deed, and claimed the ownership, and continued in possession thereof, until he died intestate in the year 1885, and, during the time of his possession, paid all the taxes levied or assessed against said land. Daniel Weigel left three sons, Henry D., Martin, and Solomon. The interests of the two sons, Martin and Solomon, have been conveyed to the third son, the appellant, Henry D. Weigel. About the time of the death of Daniel Weigel, Henry and Martin conveyed their interests in said premises to Solomon Weigel, who then entered into possession thereof, and remained in possession until July 28, 1889, and during that time paid all taxes against the land. When Solomon Weigel died on July 28, 1899, he was a bachelor, and died intestate, leaving as his only next of kin and heirs-at-law, his brothers, Henry D. Weigel and Martin Weigel, who entered into possession of said premises, and continued in such possession, until September 15, 1900, and during that time paid all the taxes. On September 15, 1900, Martin Weigel conveyed all his interest in said premises to the appellant, Henry D. Weigel, who has had the possession thereof, and paid all the taxes thereon up to the time of the beginning of this suit.

WALTERS & LATHAM, for appellant.

NELSON & WHITLEY, and ALEXANDER & HARRIS, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

*First*—The appellant, against whom the present action of ejectment is brought, sets up section 6 of the Limitation act as a defense. He claims that, under the deed, dated March 28, 1864, executed by Martha Ann Green, and her

husband, Cornelius Green, to Daniel Weigel, appellant's father, of Macon county, Illinois, as color of title, his father and his brothers and himself have been in possession of the premises, and paid all taxes legally assessed thereon, for more than seven years, and are, therefore, the owners of the premises.

It is not denied that, under the terms of the will of Katherine Ann Stipp, who died on March 31, 1861, her grand-daughter, Martha Ann Judah, was vested only with a life estate in the property. The appellees, as children of Martha Ann Green, (formerly Martha Ann Judah,) were remainder-men or reversioners, entitled to the remainder or reversion in the land at the time of the expiration of the life estate of their mother. Martha Ann Green did not die until February 19, 1904, and, therefore, the life estate did not end until the latter date. This ejectment suit was begun by the appellees, as such remainder-men, on July 28, 1904, and therefore it cannot be said that they have been guilty of any *laches* in bringing suit for the property since the falling in of the life estate.

When the deed of March 28, 1864, was executed by Martha Ann Green, the owner of the life estate, and her husband, Cornelius Green, to Daniel Weigel, the latter became vested only with the interest that Martha Ann Green then owned, and, as that interest was only a life estate, Daniel Weigel only received by his deed an estate in the property for the life of Martha Ann Green. Although the deed on its face purported to convey the fee, it, as matter of fact, only conveyed the life estate of Martha Ann Green.

Appellant, by the death of his father, Daniel Weigel, and by the death of his brother, Solomon Weigel, and the conveyances mentioned in the statement preceding this opinion, took no other estate in the property, and never had any other estate in the property, than that which his father obtained by the deed of March 28, 1864, to-wit, an estate for the life of Martha Ann Green. It follows that the posses-

sion of the land by appellant, and his father, and brothers, was merely the possession of tenants for life, and cannot be adverse to appellees, who are the remainder-men or reversioners. This is so, even though the conveyance to Daniel Weigel purported to pass the absolute title to the property. The possession of Daniel Weigel, purchaser from the tenant for life, and that of his son holding under him, was not and could not be, during the continuance of the life estate, adverse to the appellees as remainder-men, so as to set the Statute of Limitations running against them. It is only since the death of Martha Ann Green on February 19, 1904, when the life estate fell in, that the possession became adverse to the appellees. The possession of the tenant for life, or his vendee, during the continuance of the life tenancy is, in contemplation of law, the possession of the remainder-man or reversioner, and the latter cannot, during the life of the person for whose life the life estate is, bring an action against the person in possession under such life tenant to recover possession of the premises. (*Turner* v. *Hause,* 199 Ill. 464, and cases therein referred to, and quoted from). In *Mettler* v. *Miller,* 129 Ill. 630, it was said (p. 642) : "All statutes of limitation are based on the theory of *laches,* and no *laches* can be imputed to one, who has no remedy or right of action." Appellees had no remedy or right of action until February 19, 1904, and, therefore, the bar of the statute could not begin to run against them until that time. This is the express provision of section 3 of the Limitation law, which must be construed in connection with section 6 of that act. Section 3 provides that, "when the party claims by force of any remainder or reversion, his right, so far as it is affected by the limitation herein prescribed, shall be deemed to accrue when the intermediate or precedent estate would have expired by its own limitation." (2 Starr & Curt. Ann. Stat.—2d ed.—p. 2603).

It makes no difference that the taxes were paid by Daniel Weigel, and his sons, including the appellant, because

"it was the legal duty of the tenant for life to pay the taxes, and by discharging that duty he could acquire no right against" appellees as remainder-men. (*Higgins* v. *Crosby*, 40 Ill. 260; *Prettyman* v. *Walston*, 34 id. 175; *Waldo* v. *Cummings*, 45 id. 421). Nor does it make any difference that certain improvements were made by the appellant upon the property. In *Hagan* v. *Varney*, 147 Ill. 281, we said (p. 292) : "Nor can a life tenant, by placing permanent improvements on the land, however much they may enhance the value of the estate, create any charge for the moneys thus expended against the remainder-men. Such improvements must be deemed to have been made by the life tenant for his own benefit and enjoyment during the pendency of his own estate, and, upon the termination of the life tenancy, they, being a part of the realty, pass as such to the one in whom the remainder is vested, and he takes them without any liability to recompense the life tenant for his expenditures."

In view of the principles thus announced, it follows that appellees were the owners of the property, as found by the trial court, and that the appellant is not in a position to set up the bar of the Statute of Limitations as a defense.

*Second*—It is said, however, by counsel for appellant, that neither Daniel Weigel, grantee in the deed of March 28, 1864, nor any of those holding under him, had notice that there was an outstanding life estate in Mrs. Martha Ann Green, or that the appellees were owners of the remainder or reversion after the expiration of such life estate. In support of the position, that notice is necessary in such a case, appellant's counsel refer to four cases, decided by this court, to-wit, *Dugan* v. *Follett*, 100 Ill. 581, *Safford* v. *Stubbs*, 117 id. 389, *Burgett* v. *Taliaferro*, 118 id. 503, and *Lewis* v. *Pleasants*, 143 id. 271. The case of *Safford* v. *Stubbs, supra,* was explained and distinguished, and shown to be consistent with the views hereinbefore expressed, in the case of *Mettler* v. *Miller*, 129 Ill. 630. In *Mettler* v. *Miller, supra,* it was

said that the case of *Safford* v. *Stubbs, supra,* is but the recognition of a rule, which is held in many adjudicated cases, and is thus formulated in *Barrett* v. *Stradl,* 73 Wis. 385: "When a person enters under a deed from the person who holds the life estate, which on its face conveys an estate in fee, and when the grantor intends to convey the fee, and the grantee supposes he is getting a conveyance of the fee, the person entering under such deed holds, in fact, adversely to all the world; but he cannot avail himself of the rights of an adverse possession, under the statute, as against the remainder-man, during the life of the owner of the life estate, but immediately upon the death of the person holding the life estate, such possession, if continued, becomes adverse to the remainder-man." As to the case of *Burgett* v. *Taliaferro, supra,* we discover nothing in that case bearing upon the question involved here. In the cases of *Dugan* v. *Follett, supra,* and *Lewis* v. *Pleasants, supra,* the attention of the court does not seem to have been called to the phraseology of clauses 2 and 3 of section 3 of the Limitation act. (2 Starr & Curt. Ann. Stat.—2d ed.—p. 2603). The language of those clauses is positive to the effect that the right of entry of the remainder-man will be deemed to accrue only when the precedent estate expires by its own limitation. The provisions of section 3 are not qualified by any statement, or intimation, that the party in possession shall or shall not have notice of the rights of the remainder-man or of the owner of the precedent estate. And it is clear that a right of entry cannot be barred until such right has accrued. The facts in *Dugan* v. *Follett, supra,* were peculiar, in that the parties, claiming by reason of possession and payment of taxes under color of title, were the owners in fee of one-half of two of the tracts there involved and of an undivided interest in the third tract, and were, therefore, tenants in common with the remainder-men; and it is there said (p. 588): "It follows that appellants, and those under whom they claim, have, since their respective titles accrued, been, and are now, ten-

ants in common with the appellees; hence, in determining whether the Statute of Limitations is a bar to the present proceeding, it is proper to keep this relation of the parties in view. The general rule unquestionably is, that the statute does not run as between tenants in common, on the ground, in part, that the possession of one tenant, in contemplation of law, is the possession of the others, and this is especially so where all the parties derive title from the same deed or conveyance." The case of *Lewis* v. *Pleasants, supra,* was also peculiar in its facts, inasmuch as, in the main opinion in that case, the instrument relied upon as color of title was not a deed from the owner of the life estate, but a tax deed, and in that case it was said as to the title of Mrs. Lewis, who held only a life estate, as follows (p. 287) : "If the only title or apparent title of Mrs. Lewis to the lands in question at the time of the execution by her of said conveyances, had been that derived from the will of her husband, it might perhaps be questionable whether the possession of her grantees would have been adverse to the owners of the reversion, so as to bar the latter under the seven years statute of limitation." The will of the husband in the latter case had devised his land to his widow and the heirs of her body, and so it was held that, under section 6 of the statute relating to conveyances, the devise vested in her only a life estate with remainder in fee to the heirs of her body, leaving the reversion, in case of an entire failure of issue, in the heirs-at-law of the devisor. But if the cases referred to by counsel do support the position, that the party in possession of the property, in such a case as the one at bar, under color of title, can set up the Statute of Limitations as a defense, if he has no notice of the will or instrument, creating the life estate or the estate of remainder or reversion, still we think that, under the facts here, Daniel Weigel, and those holding under him, must be regarded as having notice of the existence of the life estate, and of the rights of the remainder-men.

*Third*—It may be that the copy of the will of Katherine Ann Stipp, which was filed for record in Macon county on January 27, 1863, and was, therefore, on record when Daniel Weigel received the deed, dated March 28, 1864, may not have been properly authenticated as a foreign will under the act of Congress, so as to operate as constructive notice thereof to Daniel Weigel—the will of Katherine Ann Stipp having been executed and admitted to probate in Lawrence county, Indiana. In *Harrison* v. *Weatherby,* 180 Ill. 418, it was held that a copy of a foreign will, although recorded, will not operate as constructive notice, unless it is authenticated and certified in the manner, required by section 9 of the Illinois act in regard to wills. While, however, such a copy will not operate as constructive notice, yet if Daniel Weigel had had actual notice of the will of Mrs. Stipp, it would make no difference that the copy, of which he had notice, was not properly authenticated as a foreign will. So, if there were circumstances to put Daniel Weigel, or those holding under him, upon inquiry as to the existence of such will, his position is no different from what it would have been if he had had actual notice.

The deed, dated March 28, 1864, from Martha Green and her husband, Cornelius Green, to Daniel Weigel, begins as follows: "Know all men by these presents that we, Martha Green, (formerly Martha A. Judah, the only heir and legatee of Katherine Stipp, late of Lawrence county in the State of Indiana, deceased,) and her husband, Cornelius Green, of the county of Jackson in said State, * * * do hereby grant, bargain, sell," etc. When Daniel Weigel accepted this deed, the title to the property of record was in Katherine Ann Stipp, and there was no conveyance from Katherine Ann Stipp to Martha Ann Green, the grantor of Daniel Weigel. In other words, there was a break in the title, and it was for Daniel Weigel to inquire and ascertain for himself how the title, which was of record in Katherine Ann Stipp, had passed into his grantor, Martha A. Green.

The language, above quoted from the deed, advised Weigel that Katherine Stipp was dead, because she is spoken of as "late of Lawrence county in the State of Indiana, deceased." He was also thereby advised that her residence was Lawrence county, Indiana. He was also therein advised, by the use of the word, "legatee," that Katherine Stipp had left a will, because Martha Green, formerly Martha A. Judah, is referred to as the only heir and legatee of Katherine Stipp. The property conveyed by this deed was real estate, and, although, "legatee," is generally the word applied in wills to indicate the taker of personal property, yet it sometimes, when used in connection with the description of land, has the meaning of devisee. In 18 Am. & Eng. Ency. of Law,—2d ed.—p. 821, it is said: "The word 'legatee' means in legal acceptation a donee of personal or movable estate, but it may mean a donee of real estate whenever the testator plainly used it in that sense." In *Chandler's Appeal,* 34 Wis. 512, it was said: "The term 'legatee' is sometimes used by unprofessional persons in a much broader sense than that above stated. It is not infrequently used as synonymous with 'devisee,' and such use is sanctioned by lexicographers. Chattels are bequeathed to a legatee, and real estate is devised to a devisee; yet, according to Webster's Dictionary, the verbs 'bequeath' and 'devise' are synonyms." The term "legatee," as used in a will, may embrace a donee of real property by devise, and there is no reason why the term "legatee," when used in a deed, may not for the same reason embrace a donee of real property by devise. (*Laing* v. *Barbour,* 119 Mass. 523; *Den* v. *Mitchell,* 2 Murph. (6 N. C.) 228; *Williams* v. *McComb,* 3 Ired. Eq. (38 N. C.) 450; *Tucker* v. *Tucker,* 5 Ired. Eq. (40 N. C. 84). The terms, "legatee" and "devisee," are more strictly interpreted as referring, the one to personalty, and the other to realty, in the construction of statutes than in the construction of wills and deeds. (18 Am. & Eng. Ency. of Law,—2d ed.—p. 821, and cases referred to in notes). In *Russell* v. *Russell,* 36

N. Y. 582, a testator by his will gave all his real and personal estate to his wife during her life or widowhood, with remainder to his four children. By a codicil the testator gave power to his wife to sell and dispose of his real estate, or any part thereof, as she should deem most expedient and for the best interests of all his legatees; and it was held that, by the expression "legatees," the testator intended to designate his four children, whom he had named in the body of the will as those, to whom he devised and bequeathed the residue of his estate, real and personal, after the death of his wife. (18 Am. & Eng. Ency. of Law,—2d ed.—pp. 821, 822, note 1). In *Doyle* v. *Teas,* 4 Scam. 202, in speaking of what circumstances should put a subsequent purchaser upon inquiry, it was said (p. 250) : "It is sufficient if the channels, which would have led him to the truth, were open before him, and his attention so directed that they would have been seen by a man of ordinary prudence and caution, if he was liable to suffer the consequences of his ignorance. The law will not allow him to shut his eyes when his ignorance is to benefit himself, at the expense of another, when he would have had them open and inquiring, had the consequences of his ignorance been detrimental to himself, and advantageous to the other."

A purchaser of land is always chargeable with the knowledge of whatever facts are suggested by the recitals in his title papers. If title papers give notice of facts, which would put a reasonably prudent man upon inquiry that would lead to such knowledge, the purchaser is chargeable therewith. (*Knowles* v. *Williams,* 58 Kan. 221; 48 Pac. Rep. 856). In the case at bar, the recitals in the deed to Daniel Weigel suggested the existence of Katherine Ann Stipp's will in Lawrence county, Indiana. These recitals gave such notice of the existence of such will, as would have put a reasonably prudent man upon inquiry, and such inquiry would have led to the knowledge of the contents of that will, either as probated in Lawrence county, Indiana, or as recorded in

Macon county, Illinois. Whatever is sufficient to put a subsequent purchaser upon inquiry as to the rights of others must be considered legal notice to him of those rights. (*Hatch* v. *Bigelow,* 39 Ill. 546; *Babcock* v. *Lisk,* 57 id. 327; *Shepardson* v. *Stevens,* 71 id. 646; *Bent* v. *Coleman,* 89 id. 364; *Citizens' Nat. Bank* v. *Dayton,* 116 id. 257).

*Fourth*—Counsel for the appellant, however, insist that Daniel Weigel had a right to rely upon the statement in the recitals of the deed to the effect that Martha A. Green (formerly Martha A. Judah), was "the only heir and legatee of Katherine Stipp." He was not justified in relying upon the representation of his grantor, that the person named was the only heir and legatee of Katherine Stipp. In *Buchanan* v. *International Bank,* 78 Ill. 500, it was said (p. 504) in regard to a party, who claimed to have been an innocent purchaser, that "he had no right to rely upon the representations of Walker in regard to the title to the premises, and, if he saw proper to do so without consulting the record, which was open to his inspection, it was at his own peril."

Inasmuch, therefore, as there was that in the recitals of the deed, which was sufficient to put Daniel Weigel on inquiry as to the existence of the will in question, and inasmuch as, under the authorities, that, which was sufficient to put him upon inquiry as to the existence of such will, must be considered as legal notice to him thereof, it cannot be said that, under the facts shown by this record, he did not have legal notice of the will of Katherine Ann Stipp, and, this being so, of the existence of a life estate in Martha A. Green, and of an estate of remainder or reversion in appellees, the children of Martha A. Green.

In any view which we can take of this case, we are forced to the conclusion that the judgment of the trial court was correct, and that the present appellees were entitled to recover the possession of the property.

Accordingly, the judgment of the circuit court of Macon county is affirmed.                    *Judgment affirmed.*