HENRY D. WEIGEL

*v.*

JOHN M. GREEN *et al.*

*Opinion filed April 17, 1906.*

STARE DECISIS—*when a decision on former appeal in ejectment must be adhered to.* A decision by the Supreme Court upon appeal in ejectment will be adhered to upon a second appeal, notwithstanding the doctrine of *res judicata* does not apply to statutory new trials in ejectment, where the same legal principles are involved and the same evidence is introduced, coupled with some additional evidence which is not material in character and does not change the result.

APPEAL from the Circuit Court of Macon county; the Hon. W. C. JOHNS, Judge, presiding.

HUGH CREA, HUGH W. HOUSUM, and WALTERS & LATHAM, for appellant.

NELSON & WHITLEY, and ALEXANDER & HARRIS, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This case has recently been before this court, and is reported as *Weigel* v. *Green,* 218 Ill. 227. After the opinion was filed in the case on October 24, 1905, the appellant made a motion for a new trial under the statute, the action being ejectment, and the motion was allowed by the court below. The new trial was before a jury at the October term, 1905, of the circuit court of Macon county. After the opinion was filed in this court on October 24, 1905, a petition for rehearing was filed, which was denied at the December term, 1905, to-wit, on December 12, 1905. Upon the second trial, at the close of all the evidence appellees moved the court to exclude all evidence offered by the appellant, defendant below, and offered with said motion a written instruction that the jury find for the appellees. The motion was allowed, and the instruction was given, whereupon the jury returned a verdict for the present appellees, plaintiffs below, in accordance with said instruction. The verdict was entered by the court, and the appellant's motion to have it set aside and a new trial granted was overruled, and a judgment entered against appellant for possession of the land in fee simple. The present appeal is prosecuted from such judgment.

All the legal questions, involved in this case, were settled by the former opinion, reported in 218 Ill. 227, and the rights of the parties were thereby judicially determined. Upon the second trial the material facts were the same as upon the first, and precisely the same legal principles were applicable as in the first trial. Some additional evidence was introduced in the second trial, but it was immaterial, and did not tend to establish a defense. The present appeal is nothing more than an effort to induce this court to reconsider its former decision.

Of course, the former judgment entered by this court cannot be relied upon as *res judicata.* The doctrine of *res*

*judicata* does not apply to statutory new trials in ejectment cases. But while this is so, yet if the same evidence is introduced on the second as on the first trial, under such circumstances as those here existing, with no additional evidence, or no additional evidence material in its nature, we will adhere to our former decision, though not upon the ground that the case is controlled by the doctrine of *res judicata.* (*Hammond* v. *Carter,* 161 Ill. 621).

We now hold, as we held when the case was here before, that a life tenant cannot convey a greater estate than he possesses; that section 6 of the Limitation act must be construed in connection with section 3 of the same act; that the possession of the life tenant, or his grantee, is, in contemplation of law, the possession of the remainder-man or reversioner; that the possession of appellant cannot be adverse as to appellees until the end of the life estate; that the Statute of Limitations cannot begin to run until after the right to enter has accrued, and that the right to make entry or to recover does not accrue until the particular estate is spent; that the appellees are guilty of no *laches* until they have a right to make an entry or bring an action; that it was not the duty of appellees to give notice of their rights as remainder-men to appellant, or his father, Daniel Weigel, until some time within seven years after the life estate fell in, and this they did on July 14, 1904, within six months after the life tenant died; that the recitals in the deed from Mrs. Green to Daniel Weigel, which was duly recorded, were sufficient to put a reasonably prudent man upon inquiry, and, in law, were notice, if notice was required; and that, the material facts in this case being the same as on the former appeal, this court hereby adheres to its former decision.

The judgment of the circuit court of Macon county is affirmed.                                        *Judgment affirmed.*