332

BERNICE ELLIS *et al.*, Appellees, *vs.* BLANCHE BARTLETT *et al.*, Appellants.

*Opinion filed January 20, 1961.—Rehearing denied March 27, 1961.*

KENNETH A. GREEN, and THOMAS J. LOGUE, both of Mattoon, (CHARLES E. LEE, of Decatur, of counsel,) for appellants.

JOHN A. RUTLEDGE, of Arthur, and DILSAVER AND GILKERSON, of Mattoon, (THOMAS F. RYAN, and JOSEPH R. SPITZ, both of Mattoon, of counsel,) for appellees.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Defendants, the heirs of Granville S. Raper, have appealed directly to this court from a decree of the circuit court of Coles County in a suit to quiet title, finding that plaintiff Bernice Ellis and counterplaintiff Owen Ellis were tenants in common of a fee simple absolute to certain property under the will of Granville S. Raper.

The essential issue is whether Granville S. Raper, the devisor, held a fee-simple title to the controverted property, either by deed, or by court decree, or by operation of the Statute of Limitations.

The controlling facts are that on September 27, 1901, Granville F. Raper and Mary H. Raper, his wife, in consideration of love and affection and $3,000, conveyed to their son, Granville S. Raper, "his lawful heirs and assigns forever," the following described real estate: "The North West quarter of the South East quarter of section number twenty (20), township Fourteen (14), North of Range Nine (9) East of the Third (3d) principal Meridian, situated in the County of Coles, in the State of Illinois."

After a provision releasing homestead rights, the deed contained the following provisions:

"This deed is made subject to the following conditions—

First—that the title and right of possession in the above described land shall remain in the aforesaid grantors, until after their death.

Second—at the death of the said grantee, the title to the aforesaid land, shall pass direct to said grantee's lawful children only.

Third—in case said grantee shall have no children, then said land or real estate shall pass direct—by title, to said grantee's nearest relation by blood, or consanguinity."

Granville F. Raper died in 1910, and Mary H. Raper died in 1917. In August, 1940, Granville S. Raper filed suit in the circuit court of Coles County to remove a cloud on title of the property, which consisted of some 40 acres of unimproved land. He designated as defendants his brother, A. H. Raper, and his nieces and nephews, who are parties herein, including Myrtle Geyer, Irene English, Elmer Conner, Fain Conner, Beatrix Shannon, Paul Raper, Alfonso Raper, Glen Cruzan, and the unknown heirs and devisees of Laura Raper, deceased, and of James Raper, deceased, and all unknown owners. The complaint alleged the 1901 deed, but a typographical error in the legal description referred to the property as being in section 25 instead of section 20. However, there was annexed to the complaint a copy of the deed, which contained an accurate legal description of the property. The complaint further alleged that the grantors, Granville F. Raper and Mary H.

Raper, are deceased; that the grantee, Granville S. Raper, took and has continuously remained in open and notorious possession of the land; that he has no children and does not expect to have any; that there were certain conditions attached to the deed which are void, but which constitute a cloud on the title so that it is difficult to sell the premises. Consequently, the complaint prayed that fee-simple title be declared to be in plaintiff Granville S. Raper, and that the cloud on the title caused by the provision in the deed be held to naught.

Summonses were issued in that suit, personal service was had on A. H. Raper, an affidavit for publication was filed, and publication, correctly describing the property, was had as to all the remaining defendants, with all the requisite affidavits and certificates. No answer to the complaint was made by any of the defendants. On October 8, 1940, a decree was entered making findings in accordance with the allegations of the complaint, and granting the relief requested, but containing the same error in the legal description. That decree also recited that defendant A. H. Raper was personally served, that the requisite affidavits for making unknown owners parties defendant were filed, that notice by publication as provided by the statute has been given all other defendants, and that the court had jurisdiction of the subject matter and the parties.

Within 30 days after the entry of said decree, Granville S. Raper filed a petition to set it aside and for leave to amend the complaint on its face by correcting the section number in the legal description, from 25 to 20. On November 12, 1940, a second decree was entered. It recited that due notice had been given by plaintiff's attorney by personal service and by publication to all the named defendants and to all those claiming an interest in the property, which was correctly described, and reiterated that the court had jurisdiction of the parties and the subject matter. The decree also recited that on October 19 (the docket entry

refers to the date as October 26), Granville S. Raper was granted permission to amend his complaint on its face, and that a rule was entered on defendants to answer within 10 days, but that they failed to answer and defaulted. This decree, just as the one of October 8, recited that upon the death of the grantors of the deed to Granville S. Raper, the restrictions in the deed became null and void, and that Granville S. Raper has a good fee-simple to the property, which was correctly described again. No appeal was taken from that 1940 decree.

On June 21, 1955, Granville S. Raper executed his last will and testament, and, after making certain specific bequests which did not include the property in question, he devised the remainder of his property, real and personal, to Bernice Ellis, who was the daughter of his brother Harry (A. H. Raper), and Owen Ellis, her husband. Granville S. Raper died on July 21, 1957. Shortly thereafter, Bernice Ellis instituted the present suit to remove a cloud on title, or alternatively for partition. She named as defendants the nieces and nephews of Granville S. Raper, since all his brothers and sisters were deceased.

Count I of the complaint prayed that defendants be barred from any interest in the property, that title be reaffirmed in Granville S. Raper and deemed to have passed under his will to plaintiff Bernice Ellis and Owen Ellis. Count II pleaded alternatively that the 1940 decree was void, that under the original deed the nearest relations of Granville S. Raper now had a vested remainder, and requested partition among Granville S. Raper's nearest relations, including plaintiff, under the Illinois laws of descent, on an enumerated *per stirpes* basis; and count III made similar allegations, except that the interests of the parties were computed on a *per capita* basis.

The counterclaim filed by Owen Ellis joined in the prayer of count I, but sought dismissal of counts II and III, and averred in addition that after the entry of the 1940 de-

crees, Granville S. Raper established title also by adverse possesion.

All defendants, except Bertha Moyer, were defaulted, but such defaults were later set aside. Defendant Moyer's answer contested counts I and III of the complaint, but admitted count II and joined in the request for relief therein. She later changed her position to that of defendant Paul Raper. He alleged that the 1940 decree was void, since it gave the complainants new and additional relief without giving notice to defendant, in violation of the Federal and State constitutions. He requested that counts I and II be denied and that partition under count III be allowed and the claim of Owen Ellis be dismissed.

At the trial, plaintiff introduced the original deed, the 1940 decrees, the will of Granville S. Raper, and the order of heirship, and offered testimony of neighbors of Granville S. Raper, of the county treasurer, and of Owen and Bernice Ellis. From their testimony it appears that Granville S. Raper originally farmed the property, but later rented it to his brother, A. H. Raper, who farmed it from 1940 to 1945; and then rented it to the latter's son-in-law, Owen Ellis, who farmed it from 1945 until 1957, the date of trial. They testified that Granville S. Raper was the only person who paid the taxes or received the rents from 1940 until his death. There was also introduced a lease for oil and gas executed by Granville S. Raper on January 26, 1956.

Defendants offered the file of the 1940 proceedings which had no copy of the notice to correct the complaint. They also submitted the testimony of an old friend of Granville S. Raper, who stated that Raper made certain disavowals of ownership of the property some three or four years before he died, but the witness wasn't sure which tract was referred to. Defendants also offered the testimony of Granville S. Raper's divorced wife that he was always taking about a certain tract that he couldn't sell because he

wasn't the full owner, but on cross-examination she could not distinguish the various tracts he owned.

On the basis of substantially the foregoing facts and circumstances, the circuit court held that Granville S. Raper had fee-simple title by virtue of the original deed after the death of the grantors, and also by virtue of the 1940 decrees, and by operation of the Statute of Limitations in view of his continuous adverse possession of the premises under a good faith claim of title for more than 16 years. The court decreed that such title passed to plaintiff Bernice Ellis and counterplaintiff Owen Ellis under the will of Granville S. Raper. Some of the defendants have appealed therefrom directly to this court.

The decree of the circuit court can be sustained by operation of the 7-year Statute of Limitations. We therefore deem it unnecessary to consider the first two issues presented on this appeal.

Defendants rely upon some testimony of alleged disavowals by Granville S. Raper that he held a fee interest, and upon the fact that the Statute of Limitations does not run against remaindermen during the life tenancy. We have no quarrel with that general rule, but do not deem it applicable in this case. The alleged disavowals mentioned by defendants' witnesses were at best hazy as to time, place and property involved, and are unequivocally contradicted by the fact that Granville S. Raper instituted the 1940 proceeding to remove any cloud on his fee-simple title, and then proceeded to operate the premises as the owner of the fee by collecting all the rents, paying all the taxes, executing an oil-and-gas lease, and ultimately disposing of the entire fee by a devise to the niece and nephew who had been tenant farmers of the premises for some twelve years prior to Granville S. Raper's death. This exercise of open, notorious, and adverse possesion, in good faith under color of a fee simple title of record, is quite distinguishable from the circumstances in the cases cited by defendants. (*Mettler* v. *Mil-*

*ler,* 129 Ill. 630; *Weigel* v. *Green,* 218 Ill. 227.) There is no doubt that Granville S. Raper could be deemed to have acquired a fee-simple title to the property by operation of the limitations statute. Ill. Rev. Stat. 1957, chap. 83, pars. 6 and 7.

In our judgment the decree of the trial court finding that the fee-simple title of Granville S. Raper passed to the residuary devisees Bernice Ellis and her husband, Owen Ellis, should be affirmed.

*Decree affirmed.*