### John H. Brinkerhoff, Trustee, Appellant, v. Jane M. Ridgely et al., Appellees.

### Gen. No. 7,669.

TRUSTS—*alienability of title of creators of express trust for life of beneficiary.* Under an express trust created by the surviving children of a decedent for the benefit of such decedent's widow during her life, which provided that upon her death and as soon thereafter as the same can be done, with due regard to the best interests of the trust fund, which was created by equal contributions by creators, the trustee shall convert the residuum thereof into money "and divide the same" between the creators or their respective heirs *per stirpes*, in the event of the death of any of them prior to the termination of the trust, the creators retained the equitable title and a beneficial interest in the fund, which upon termination should revert to them, especially where they did not devest themselves of absolute control of the fund, and each of them had a present vested interest in the fund which was susceptible of alienation during his life and passed by an absolute valid assignment.

Brinkerhoff v. Ridgely, 232 Ill. App. 12.

Appeal by complainant from the Circuit Court of Sangamon county; the Hon. FRANK W. BURTON, Judge, presiding. Heard in this court at the October term, 1923. Reversed and remanded with directions. Opinion filed January 10, 1924. *Certiorari* denied by Supreme Court (making opinion final).

GEORGE B. GILLESPIE, GEORGE M. GILLESPIE and THOMAS E. GILLESPIE, for appellant.

CHANNING, CORNEAU & FROTHINGHAM and PHILIP BARTON WARREN, for appellees.

MR. PRESIDING JUSTICE HEARD delivered the opinion of the court.

On August 11, 1910, Charles Ridgely of Springfield, Illinois, died intestate, leaving Jane M. Ridgely, his widow, William B. Ridgely, Edward Ridgely, Franklin Ridgely and Mary R. Vincent, his children and only heirs at law. To settle this estate the widow and four children entered into a written agreement, dated December 8, 1910. This agreement provided that certain of the real estate be conveyed to the widow; that certain of the chattels and money be paid her in lieu of her widow's award; that certain of the real estate be conveyed to the four children upon payment by them of $37,500 each, an aggregate of $150,000, to constitute a trust to be held, invested and managed by a trustee, out of which $15,000 a year was to be paid to the widow during her lifetime, and as soon after her death as compatible with the best interests of the trust, the residuum be then converted into money and divided between the four children, or their respective heirs, *per stirpes,* in the event of the death of any of the children before the time for distribution arrived.

The real estate, chattels and money were conveyed and delivered to the widow, the real estate was conveyed to the four children and the trustee entered upon the performance of the trust, making annual payments to the widow.

On the 10th day of March, 1920, William B. Ridgely, one of the children of Charles Ridgely, gave his note in the sum of $6,000 to Franklin Ridgely, another of said children, and secured the same by an assignment of his interest in the trust. On the 30th day of April, 1920, William B. Ridgely died, leaving Catherine R. Brown and Eleanor R. Parker, his children and only heirs at law, and Kate D. Ridgely, his widow.

On the 11th day of July, 1920, Edward Ridgely, one of the children of Charles Ridgely, died leaving R. E. Ridgely, H. C. Ridgely, D. R. Murkland, Charles Ridgely and Edward Ridgely, his children and only heirs at law, and Fannie C. Ridgely, his widow.

John H. Brinkerhoff, the trustee under said trust, filed his bill in the circuit court to the March term, 1921, alleging the creation of said trust; the acquisition of certain real estate for said trust; the fact that there was not sufficient money to longer carry out the terms of the trust without the sale or mortgage of said real estate; that in the opinion of the trustee it would not then be advantageous to the trust to sell the real estate, but would be more advantageous to borrow money thereon; and praying that the court take jurisdiction of the trust and authorize the trustee to either sell or mortgage the real estate for the purpose of procuring money to carry out the trust.

On the 15th day of March, 1922, Jane M. Ridgely, widow of Charles Ridgely, died.

On the 9th day of June, 1922, Franklin Ridgely, one of the children of Charles Ridgely, died, leaving Mary J. Jess, T. E. Ridgely and N. H. Ridgely, his children and only heirs, and Hally E. Ridgely, his widow.

After the death of Jane M. Ridgely, widow of Charles Ridgely, deceased, the trustee filed his supplemental bill in the circuit court to the September term, 1922, alleging the death of Jane M. Ridgely; that the trustee had fully complied with the terms of the trust and had made reports of his acts and doings from the date of his appointment to June 1, 1922; calling at-

tention to the provisions in the trust agreement that upon the death of Jane M. Ridgely, and as soon thereafter as the same could be done with due regard to the best interests of the trust fund, the trustee shall convert the residuum into money and distribute it between the four children of Charles Ridgely, or their respective heirs *per stirpes;* that during his lifetime William B. Ridgely had made assignment of his interest in the trust to Franklin Ridgely; that it was necessary to sell the real estate before distribution could be made; that the trustee was in doubt as to whether the assignment of the interest of William B. Ridgely to Franklin Ridgely was valid; and also in doubt as to whether the real estate should be sold at public or private sale; and that it was necessary that the court should determine the rights of the parties to the money derived from the conversion of the real estate into money, making all of the surviving children of Charles Ridgely, deceased, and their heirs of the deceased children of Charles Ridgely, parties; and praying the direction of the court as to the sale and distribution of the residuum of the trust.

To this supplemental bill the appellees, Catherine R. Brown and Eleanor R. Parker, daughters of William B. Ridgely, deceased, filed their answer, averring that the death of William B. Ridgely during the lifetime of Jane M. Ridgely made the attempted assignment of his interest in said trust estate inoperative, and that upon the conversion of said trust estate into money, one-fourth thereof is distributable to them as the only heirs of William B. Ridgely.

There is no controversy as to the facts. The sole question which arises between the heirs of William B. Ridgely and Franklin Ridgely is one of law. That question is whether William B. Ridgely had an interest in the trust which he could alienate, either by deed or by will, so as to prevent his heirs, in case of his death before the termination of the trust, from taking between them a one-fourth interest in the fund.

The appellees, children of William B. Ridgely, contend that at the time he attempted to assign his interest in the trust to Franklin Ridgely he had no vested interest therein; that the residuum of the trust did not vest until the time of distribution under its terms; that such time did not occur until after the death of Jane M. Ridgely; that before her death William B. Ridgely died; that if the time has now arrived to convert the residuum into money and distribute the same, the daughters of William B. Ridgely are entitled to the share that would have gone to him had he lived until the time of distribution arrived.

The determination of the question involved in this suit depends upon the construction to be given to said trust agreement, a portion of which is as follows: "Upon the death of said Jane M. Ridgely, and as soon thereafter as the same can be done, with due regard to the best interests of said trust fund, said trustee shall convert the residuum of said trust fund into money, and shall divide the same, together with any portion or portions of said annuity which may then be unpaid, share and share alike, between William Barrett Ridgely, Edward Ridgely, Franklin Ridgely and Mary Ridgely Vincent, children of Charles Ridgely, deceased, or their respective heirs, *per stirpes,* in the event of the death of any one or more of them prior to the termination of this trust."

The primary object of all rules of construction and interpretation is to arrive at and give effect to the mutual intention of the parties as expressed in the whole agreement.

The court should, as far as possible, place itself in the position of the parties when their minds met upon the terms of the agreement, and then from a consideration of the writing itself, its purpose and the circumstances ·surrounding the transaction, endeavor to ascertain what they intended and what they agreed to do, i. e., upon what sense or meaning of the terms used their minds actually met.

In the interpretation of any particular clause of a trust agreement the court is required to examine the entire agreement and may also consider the relation of the parties, their connection with the subject-matter of the agreement, the circumstances under which it was made and the purpose for which it was made.

It is true that in a construction of wills there is a general rule that where the devisees compose a class and there are no words of devise except a simple direction to divide the property at a specified time, the gift will not vest until the time of division. It is said, however, in *Knight v. Pottgieser,* 176 Ill. 368, that this "general rule is subject to an exception so well established and universally recognized as to practically constitute another general rule, which is: Though a gift arises wholly out of directions to pay or distribute *in futuro,* yet if such payment or distribution is not deferred for reasons personal to the legatee, but merely because the testator desired to appropriate the subject-matter of the legacy to the use and benefit of another for and during the life of such other, the vesting of the gift in remainder will not be postponed but will vest at once, the right of enjoyment only being deferred." Rules of construction of wills are alike applicable to the construction of trust agreements. In the present case the object of the trust agreement was to provide an income for the widow during her lifetime, and the only object in postponing the division of the estate was that the widow might enjoy it during her lifetime.

In *Hobbie v. Ogden,* 178 Ill. 357, a case in which Hobbie had given a deed of trust conveying certain real estate to a trustee in fee simple for the purpose of providing for the support and maintenance of Eleanor Hobbie during her lifetime and providing that upon the death of the said Eleanor Hobbie that trustee should "transfer, convey, pay over and deliver to the said Albert G. Hobbie, or his heirs, the said trust fund, and the property, assets and securi-

ties arising out of or belonging to the same.'' It was said: ''It is argued that the term 'or his heirs' meant that the reconveyance should be made to Albert G. Hobbie, if he was living, or to his heirs if he was dead —and that is the evident purport of the language, since he could have no heirs if he should be living.'' In construing this trust agreement it was said: ''The trust deed  *  *  *  was not made for the purpose of disposing of the title to the property, but to carve out an estate for the life of the divorced wife. The conveyance to the trustee was upon a trust which would expire with the death of the wife, and if, after complying with the decree, it had stopped there, the trust having ended, the trustee would hold the legal title merely as trustee for the grantor. The trust would be a naked one, and a reconveyance would be necessary merely because the legal title had once passed for the purpose of a trust and the premises had been converted into personal property. Such a reconveyance would be a matter of right, and if the grantor should be living he would be entitled to it, and if not living it would be made to his heirs. There is no grant to anybody of the estate remaining after the life estate, but the sixth clause is a provision for a reconveyance to Albert G. Hobbie, if living, or to his heirs if he should be dead. It is nothing more than a stipulation that the legal title shall be reconveyed after the purpose of the trust has been fully accomplished, and it provides for exactly what the law would require if it had not been inserted. The equitable title remaining in the grantor would descend by law to his heirs, and the conveyance provided for would only be necessary to make that a legal estate in him or them which was already vested in them as an equitable one. He did not thereby grant a remainder to himself or some other person or persons in the alternative, but made the provision, which is not uncommon in the case of a trust for a special or

limited purpose, that after the trust should be executed there should be a reconveyance of the legal title.''

The money which went to make up the trust fund in this case was contributed by the persons named as distributees if living. It is our opinion that under this trust agreement in question, the persons named retained the equitable title and a beneficial interest in said fund and that, by this clause in question, it was merely intended that at the termination of the trust, the trust funds should revert to the original grantors.

This view is strengthened by the fact that the grantors of the instrument in question did not devest themselves absolutely of the control of the trust fund during the existence of the trust, as the trust agreement provided: ''Said trustee shall render annually to said Jane M. Ridgely and to the other parties in interest full reports of all his receipts and disbursements as such trustee, also statements showing the amount of the trust fund on hand at the close of each fiscal year.

''If at any time during the existence of this trust the said trustee shall die, resign, refuse to act, or for any reason become incapacitated for acting, then the said Jane M. Ridgely, a majority of said children then surviving joining therein, may by an instrument in writing signed and acknowledged in manner and form as required by the statutes of Illinois for conveyances, appoint a new trustee who shall give bond for the faithful discharge of his duties as herein provided.''

William B. Ridgely in his lifetime having a present vested interest in the said trust fund, that interest was susceptible of alienation during his lifetime and the assignment of such interest made by him during his lifetime to Franklin Ridgely was a valid assignment and passed his interest in such fund to the grantee. Franklin Ridgely in his lifetime assigned all his right, title and interest in said trust fund to Hally E. Ridgely, his wife, and we are of the opinion that,

as such assignee, she is entitled to the distributive share of trust fund in controversy.

The circuit court having held that Hally E. Ridgely was not entitled to such distributive share and entered a decree in accordance with such finding, from which decree an appeal was perfected to this court, such decree was erroneous and it is reversed and the cause remanded to the circuit court with directions to enter in accordance with the views herein expressed.

*Reversed and remanded with directions.*