Northern Trust Company, Trustee under the Last Will
and Testament and Codicil thereto, of Sidney A.
Kent, Deceased, Appellee, v. Helen L. Massenat
et al. Helen L. Massenat, Appellant.

Gen. No. 28,876.

1. WILLS—*construction of trust provisions in codicil.* Under a
will creating a trust for the benefit of the testator's two daughters
and providing for the payment to each of one-half the net income
from the trust fund during their respective lives and for the pay-
ment of an annuity, in case of the death of either daughter, leaving
her present husband surviving, to such husband out of the deceased
wife's share of the income with a further provision that if a
daughter shall die "leaving descendants and leaving the other
daughter surviving, one-half of the income from the trust fund
(less $5,000 per annum above provided to be paid to the husband
if he survives) shall be paid quarterly to the surviving daughter,
and out of the other half the trustee shall pay to or for the
benefit of the descendants of the deceased daughter such amounts"
as it shall consider for their best interest and welfare in its un-
controlled discretion and that any "unexpended income shall be
added to the principal," the share of the surviving daughter after
the death of her sister, leaving descendants, is not augmented to
the extent of one-half of the sister's share of the income but such
surviving daughter takes only the portion originally provided for
her, and the entire other half of the income from the trust fund
is subject to application by the trustee to the descendants of the
deceased daughter after payment of the annuity to the husband
of such deceased daughter.

2. WILLS—*construction of codicil.* In the construction of a codi-
cil making certain provisions for the distribution of the income
of a trust fund for the benefit of testator's daughters, and, upon
the decease of either of them, for their descendants with a provision
for the ultimate distribution of the entire *corpus* to such descend-
ants after the death of such testator's daughters, the fact that the
will provides for ultimate distribution to the descendants *per
stirpes* while they take *per capita* under the codicil and that the
daughters are treated more favorably in the codicil than in the
will while their descendants are treated more favorably in the
will than in the codicil, is not material in the construction of a
provision in the codicil which provides only for the distribution
of the income to the daughters, or to a surviving daughter in case

of the decease of the other daughter, which is clear and unambiguous in its terms.

Appeal by defendant from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding.  Heard in the third division of this court for the first district at the October term, 1923. Affirmed.   Opinion filed February 27, 1924.    Rehearing denied March 10, 1924.   *Certiorari* denied by Supreme Court (making opinion final).

DANIEL TAYLOR, solicitor for appellant, Helen L. Massenat; WILSON, MCILVAINE, HALE & TEMPLETON, solicitors for appellant, Sidney Kent Legare; HENRY W. RUNYON, EDMUND S. JOHNSON and HUGH M. ALCORN, of counsel.

CHAPMAN, CUTLER and PARKER, for appellee, Alberta Morris Bissell; CUTTING, MOORE & SIDLEY, for appellee, The Northern Trust Company; RUSSELL WHITMAN, guardian ad litem, for Arthur Gilbert Bissell, Jr., and William Morris Bissell, infants, appellees; HENRY G. MILLER, CLAUDE H. COON, CHARLES S. CUTTING, DONALD F. MCPHERSON, JOHN P. BARNES and WILLIAM H. RADEBAUGH, of counsel.

MR. JUSTICE THOMSON delivered the opinion of the court.

The Northern Trust Company, as trustee, under the will and the codicil of Sidney A. Kent, deceased, filed this bill in chancery, seeking an interpretation and construction of the language found in the third paragraph of ''Item Eight'' of the codicil and also seeking the ratification and approval of its accounts as trustee, from the inception of the trust, to and including April 30, 1923.   The decree, which was entered in the circuit court, did ratify and approve those accounts of the trustee, and no objection has been made nor any question raised by any of the parties to that part of the decree.

The testator, Sidney A. Kent, executed his will on

June 4, 1897, and on March 15, 1899, he executed a codicil thereto. About a year later he died. There survived him his widow and two daughters, Mrs. Massenat (formerly Mrs. Morris) and Mrs. Legare. The widow died in 1913, and the daughter, Mrs. Legare, died in 1922. The deceased daughter, Mrs. Legare, was survived by her husband and one son, Sidney Kent Legare. The surviving daughter, Mrs. Massenat, has two children, a son and a daughter, the latter of whom is married and also has two children.

Item Eight of the codicil here involved is as follows:

"Item Eight. I direct the Trustee five years after my death to set apart and hold in trust two million ($2,000,000) and to pay the net income therefrom one-half to each of my daughters, Helen L. Morris and Stella Alberta Legare, in quarterly installments during their respective lives.

"If a daughter dies leaving her present husband surviving her I direct the Trustee to pay such husband five thousand dollars ($5,000) per annum in quarterly installments during his life out of the income which would have been payable to such daughter if she had survived.

"If one daughter dies leaving descendants and leaving the other daughter surviving, one-half of the income from the trust fund (less five thousand dollars ($5,000) per annum above provided to be paid to the husband if he survives) shall be paid quarterly to the surviving daughter, and out of the other half the Trustee shall pay to or for the benefit of the descendants of the deceased daughter such amounts from time to time as the Trustee shall consider to be for the best interest and welfare of such descendants respectively, and the equality or inequality of such payments out of the income and the manner of their application shall rest in the sole discretion of the Trustee. Any unexpended income shall be added to the principal.

"If a daughter dies before her mother, leaving no descendants surviving, the income which would be payable to such daughter under the first paragraph of this Item Eight shall be paid one-half to her mother and

one-half (less five thousand dollars ($5,000) per annum above provided to be paid to the husband if he survives) to the surviving daughter for the lives of such mother and daughter and on their death, respectively, said income shall be added to the trust fund.

"Upon the death of the latest survivor of my daughters and for fifteen years thereafter and until the death of the latest survivor of the present husbands of said daughters, the Trustee shall apply the income of said trust fund or so much thereof as it shall deem advisable to and for the benefit of the descendants of said daughters with the same discretion as is above conferred and irrespective of all questions of representation as between such descendants.

"Fifteen years after the death of the latest survivor of my daughters, or upon the death of the latest survivors of their present husbands, if they live beyond that period, I direct the Trustee to divide and pay over the said trust fund with any accumulations and additions among the then surviving children of my said daughters in equal portions *per capita,* the descendants of any deceased children of said daughters to receive the portion of their deceased parents *per stirpes.*"

It is conceded by all the parties in interest that, under the terms of the will and the codicil (the parties in interest being as stated above), the surviving daughter, Mrs. Massenat, is entitled to receive one-half of the income of the trust fund, which estate, at the present time, amounts to approximately $5,000,000. It is further conceded that Mr. Legare, the surviving husband of the deceased daughter, is entitled to receive an annuity of $5,000. That this annuity is payable out of the income which would have been payable to Mrs. Legare, had she survived, is clear. Also, the parties in interest concede that the surviving son of Mrs. Legare is entitled to one-fourth of the income from the trust estate (subject to the discretion of the trustee), being one-half of the income which would have been payable to his mother, Mrs. Legare, had she survived. But the parties are not in agreement as to the proper

disposition, under the provisions of the third paragraph of Item Eight of the codicil to the will, of the remainder of the income from the trust estate, that remainder being one-fourth (or one-half of the income which would have been payable to the deceased daughter, Mrs. Legare, had she survived), less the annuity of $5,000 payable therefrom to the surviving husband, Mr. Legare.

It is the contention of the surviving daughter, Mrs. Massenat, that she is now entitled to the one-half of the income from the trust estate, bequeathed to her under the first paragraph of Item Eight of the codicil, and also, under the third paragraph of that Item, the disputed one-fourth of the income from the trust estate, less the annuity payable to Mr. Legare. This was also the position taken by the son of Mrs. Massenat. On the other hand, it is the contention of the surviving son, Sidney Kent Legare, of the deceased sister, Mrs. Legare, that he is entitled not only to the one-fourth of the income from the trust estate, as to which there is no dispute, but also to the other fourth, or, in other words, that his aunt, Mrs. Massenat, is entitled only to the one-half of the income which she was receiving prior to the death of Mrs. Legare, and that he is entitled to the other half, being the half which would have been payable to his mother, had she survived, less the annuity of $5,000 to which his father, Mr. Legare, is entitled. The latter is also the position taken by Mr. Legare, the father of Sidney Kent Legare, and by the daughter of Mrs. Massenat. The two grandchildren of Mrs. Massenat (the children of her daughter) are infants and a guardian *ad litem* was appointed for them. He supports, in substance, the position taken by the Legares and Mrs. Massenat's daughter, the mother of his wards.

With respect to the interpretation and construction of the third paragraph of Item Eight of the codicil, the chancellor decreed:

"That the true intent and meaning of said paragraph Third of said codicil, and particularly of Item Eight thereof, is as follows:

"If one daughter dies leaving descendants and leaving the other daughter surviving, one-half of the income from the trust fund shall be paid quarterly to the surviving daughter, and out of the other half (less five thousand dollars ($5,000) per annum above and in said codicil provided to be paid to the husband if he survives), the Trustee shall pay to or for the benefit of the descendants of the deceased daughter such amounts from time to time as the Trustee shall consider to be for the best interests and welfare of such descendants respectively, and the equality or inequality of such payments out of the income and the manner of their application shall rest in the sole discretion of the Trustee. Any unexpended income shall at the end of each year dating from the death of Stella Alberta Legare be added to principal, and shall thereafter constitute a part of said trust fund, the income from which is to be distributed as above set forth.

"That the words 'trust fund' as used in Paragraph Third, Item Eight of said codicil, refer to the entire trust fund, and not merely to that portion thereof, the income of which would have been payable to the deceased daughter had she survived. The true intent and meaning of said clause is that there should be paid from said trust fund to Helen L. Massenat, in quarterly installments, during her lifetime, one-half ($\frac{1}{2}$) of the income of said entire trust fund, and that from the other one-half ($\frac{1}{2}$) of the income of said entire trust fund, subject only to the payment for life of an annuity of five thousand dollars ($5,000) to Hugh Swinton Legare, and this amount shall be paid to Hugh Swinton Legare, in quarterly installments, during his lifetime, beginning at the date of the death of Stella Alberta Legare, there should be paid such amounts to Sidney Kent Legare from time to time as the Trustee shall consider to be for his best interest and welfare."

From the decree of the circuit court, as so entered, the surviving sister, Mrs. Massenat, has perfected this appeal.

The question to be determined by the court was: What was the distribution of income from the trust estate, intended by the testator, in the event of the death of one daughter, leaving descendants, and the survival of the other daughter? The contending parties have argued at length in their respective briefs on the question of what we should conclude the testator must have meant to say when he wrote that paragraph which is before us, as well as the question of the proper interpretation and construction of what he did say. We feel that little difficulty is to be had in determining his intention, by an examination of the latter question. He provided in the first paragraph of Item Eight how the income from the trust fund set apart for his two daughters shall be paid to them "during their respective lives." In that paragraph he provided what should be done with the income from the trust fund while both daughters were living, although it may be said, also, that under this paragraph the survivor of the two daughters would continue, after the death of her sister, to be entitled to her own half of the income of the trust fund as long as she lived.

The testator then provided in the second paragraph that if either daughter left surviving her, her then husband, he should receive an annuity of $5,000 and the testator here (and nowhere else in Item Eight) designates the source of that annuity, by providing that it shall be paid "out of the income which would have been payable to such (deceased) daughter if she had survived."

Coming to the disputed third paragraph, the testator then provided how "the income from the trust fund" shall be paid, "if one daughter dies leaving descendants and leaving the other daughter surviving." He provided that one-half of it shall be paid to the surviving daughter and that out of the other half the trustee shall pay to or for the benefit of the descendants of the deceased daughter, from time to time, such amounts as the trustee shall consider for their best

interests, leaving the equality or inequality of such payments and the manner of their application to the sole discretion of the trustee. Of course, following the specific and plain directions of the testator, as contained in the second clause of this Item, the annuity of $5,000, payable to the husband of the deceased daughter, must be paid out of that half of the income, which is bequeathed in the third paragraph, to the trustee for the benefit of the descendants of the deceased daughter.

Such ambiguity as the third paragraph may be said to present is caused solely by the presence of the parenthetical clause "(less five thousand dollars ($5,000) per annum above provided to be paid to the husband, if he survives)." That parenthetical clause is not there used to identify the income from which the annuity is to be paid. The identification of the income from which the annuity is to be paid had already been made by the testator, by unmistakable language in the second paragraph, where he said it was to be paid "out of the income which would have been payable to such (deceased) daughter if she had survived." In the parenthetical clause itself, the testator shows he is not, by its use at that point, intending to identify the fund out of which the annuity is to be paid, for he refers in the clause itself to the annuity "above provided to be paid." A "parenthetical clause" is "an explanatory or qualifying clause * * * inserted in the course of a longer passage, without being grammatically connected with it." Century Dictionary. We may gain nothing of the intention of the testator by attempting to connect this parenthetical clause, grammatically, with the words immediately preceding it. In our opinion, that is not a correct construction of such a clause. Treating this clause as just what it is—a mere explanatory parenthesis—we have no difficulty in seeing that in this third paragraph the testator intended to indicate how the income from the trust fund (less the annuity "above provided to be

paid'' to a surviving husband) is to be distributed, in case one daughter dies leaving descendants and the other survives,—one-half to the surviving daughter and the other half for the benefit of the descendants of the deceased daughter, subject to the discretion lodged in the trustee.

To give this third paragraph the interpretation contended for by the appellant, we must say that in the paragraph the testator was not referring to ''the income from the trust fund,'' which are the words he uses, but to the income which would have been payable to the deceased daughter if she had survived, and to reach that construction or interpretation of the paragraph, we are urged to imply these words or to change the word ''the'' before the words ''income from the trust fund,'' to the word ''her.'' We may not thus either imply or supply or substitute for the words used, other words, unless it would seem to be necessary to do so in order to express an intention on the part of the testator which is plain and unmistakable, or unless the words, as used by the testator and as we find them in the will or codicil in question, are so far unintelligible or repugnant to other portions of the will that no effect can be given to them. *Bates v. Gillett,* 132 Ill. 287; *Jordan v. Jordan,* 281 Ill. 421. In our opinion neither of the situations referred to is presented by the language of this paragraph, taking it just as we find it. When, in executing this paragraph, as a part of the codicil of his will, the testator used the words ''the income from the trust fund,'' we presume he meant just that and not *''her* income from the trust fund,'' nor ''the income which would have been payable to the deceased daughter, if she had survived,'' and with that construction of the paragraph we have no difficulty in ascertaining the intention of the testator—treating the parenthetical clause as just what it is—an explanatory clause, not grammatically connected with the context. In five other places in the

codicil the testator used the words "trust fund," and in every use he made of them he was clearly referring to the entire fund and not to any part of it.   In two other places in this very Item the testator had occasion to refer to the entire income from the trust fund. In two other paragraphs of Item Eight he had occasion to refer to the income which a deceased daughter had been receiving—in the second paragraph and in the fourth paragraph—and in both of these instances his language is perfectly clear.   If, therefore, he had intended by the provisions of the third paragraph to cover only the income which the deceased daughter had been receiving we presume he would have said so, as he did in the other paragraphs referred to, and we may not surmise that he meant to use such language, as he did in those paragraphs, when in the third paragraph we find him referring clearly to "the income from the trust fund."   Applying what our Supreme Court had to say in *Rexford v. Bacon*, 195 Ill. 70, to the case at bar, we would say that if the testator wanted to cover, in this third paragraph of Item Eight, that part of the income which the deceased daughter would have received, had she survived, the other paragraphs of this very Item show clearly that he knew how to do it.   But he did not do it, but, on the contrary, refers to "the income from the trust fund," a subject to which he also refers in other parts of the will and codicil, in a manner that shows he appreciated fully what he was providing for.   Words used clearly in one part of a will must be understood in the same sense when used elsewhere in the same instrument, unless something in the context makes a different meaning imperative.   *Duryea v. Duryea*, 85 Ill. 41.   The parenthetical clause found in the paragraph here in question does not, in our opinion, present any such imperative situation.

The interpretation and construction placed upon this paragraph by the chancellor leads to a result which seems to us to be much more natural and reasonable

than that contended for by the appellant. When the testator executed this codicil he, of course, did not know how long he would continue to live, nor how long his daughters would survive, nor whether one of them might die leaving descendants and the other daughter surviving, and he could not know, if the latter contingency arose, how many descendants might survive the deceased daughter. Does it not seem natural for him to provide, as he does in this paragraph, that, in such an event, the income which has been received by the deceased daughter shall go to the trustee for the benefit of her descendants, and further to provide, as he does in another paragraph, that, only in the event that one of his daughters dies leaving no descendants, shall the income which she has been receiving go outside her family—to the widow of the testator and her surviving sister—and in such proportions as to prefer the widow over the surviving sister? Under the construction contended for by appellant, we would find a surviving sister participating in the income which the deceased sister had been receiving, to the exclusion of the testator's widow (if living)—a relative treatment of those two individuals which would be repugnant to every other clear provision of both the will and the codicil.

The argument is presented in behalf of appellant that the scheme of distribution of the codicil differs materially from that of the will; that the event sought to be provided for in the third paragraph of Item Eight of the codicil was one which was not covered in the will; that in the ultimate distribution of the principal of the trust fund, the grandchildren take *per stirpes* under the provisions of the will, while they take *per capita* under the provisions of the codicil; that the daughters are treated more favorably in the codicil than in the will while the grandchildren are treated less favorably in the codicil than in the will, and the contention is made that these changes in the scheme of distribution, as made in the codicil, are

consistent with the result of the interpretation and construction of the third paragraph of Item Eight of the codicil, for which appellant contends, and that they are consistent with the testator's alleged intention to increase the share of income to be received by a surviving daughter while they are not consistent with an intention to reserve income of a deceased daughter for her descendants. In the first place, we are of the opinion that any such comparisons are not necessary to a reasonable interpretation of the language which the testator has used in the paragraph in question, and, in the next place, we do not believe the matters referred to lead to the conclusions contended for. We are unable to see any logical connection between the fact, on the one hand, that the grandchildren are to participate in the *corpus* of the estate, ultimately, by taking *per capita* rather than *per stirpes,* and the fact that after the death of both daughters, leaving descendants, the trustee is to apply the income from the trust fund (subject to its discretion) for the benefit of those descendants "irrespective of all questions of representation as between" them, and, on the other hand, the question of the distribution of income as between a surviving daughter and the descendants of a deceased daughter, during the life of the former. The conditions presented by those different situations are entirely different—so much so that nothing may be gained by looking to the provisions which are to obtain in one of those situations, in an attempt to interpret the language which the testator used in providing what is to take place in another of those situations.

If the interpretation contended for by appellant should prevail, we would have results which seem out of all harmony with the intention of the testator. A surviving daughter of the testator would get half the income of the deceased daughter, if the latter died leaving descendants, and likewise if she died without leaving descendants. Although the testator, in his

original will, gave no additional income to a surviving daughter, where a deceased daughter left descendants, and although the codicil gives no additional income to a surviving daughter, if the deceased daughter dies without descendants, after the death of the testator's widow, and although both the codicil and the will plainly show a preference for the widow over the daughters, and although, after the death of the widow, the income which would go to the surviving daughter under the will would accumulate for the benefit of both daughters, appellant urges that such a construction be put on this third paragraph, which is to apply where a daughter dies leaving descendants, and the other daughter surviving; that the latter will take from the descendants half the income which would have gone to the deceased daughter, had she survived, while the testator's widow, if she is still living, would take none of that income. The construction contended for by the appellant would further have the result of giving a surviving daughter three-fourths of the income of the trust fund, even though she were childless and the deceased daughter left a number of children. In our opinion, a careful study of the provisions of the will and the codicil discloses no such intentions on the part of the testator, but rather an intention to treat the daughters equally, and their families equally, so long as either daughter is living, and, thereafter, the grandchildren equally, in the distribution of the estate.

For the foregoing reasons and because we believe that the proper interpretation and construction of the language actually used by the testator, in the paragraph here involved, is that which we have hereinabove set forth, the decree appealed from is affirmed, including those provisions of it which ratify and approve the accounts of the trustee of the estate, under the provisions of the testator's will and codicil, and those provisions which are called in question by this appeal.

*Decree affirmed.*

TAYLOR, P. J., and O'CONNOR, J., concur.