Ruffin, C. J.
 

 No difficulty is made, as to the personal estate proper. The will was not effectual to pass it, and therefore it must go, as if there had been nothing said in the will about it. Consequently, after the payment of debts, and the charges of administration, the surplus is to be distributed, according to the statute, among the widow and children of the testator, or their representatives.
 
 Rev. St. Ch. 61, Sec.
 
 1,
 
 and Ch.
 
 121,
 
 Sec.
 
 12.
 
 Johnson
 
 v.
 
 Johnson,
 
 3 Ired. Eq. 426.
 

 A question is, however, made, as to the proceeds of the real estate, upon the terms, “the herein named legatees,” as descriptive of the donees in the last clause. For the plaintiff it is contended, that no one takes under that description, inasmuch as the instrument is inoperative as to the personalty, and, therefore, no “legacy” is given in it. And; if that be held otherwise, it is moreover insisted, that the testator meant, by “legatees,” his children who
 
 *84
 
 were his heirs and next of kin, and not the widow, the children, and grand-children, indiscriminately, to whom the paper purports to make donations. But the Court cannot agree
 
 to that
 
 construction. It is true, that the more appropriate definition of “ legatee” is, a person to whom personalty is bequeathed. But that is not the only sense in which it is used. - It may also embrace a donee of realty by devise.
 
 Holmes
 
 v. Mitchell, 2 Murph.
 
 228. Williams
 
 v.
 
 McComb,
 
 3 Ired. Eq. 450. It
 
 does
 
 not follow, because the will is inoperative as. to the personalty, that the parts of it, which purport to be gifts of personalty, cannot be looked at, for any purpose whatever. As dispositions of the personal estate, they are not to be read. But for any other purpose — for example, to explain the meaning of other parts of the will, which refer to those dispositions — the whole will may considered. Thus, when the will gives legacies to particular individuals, and then adds, that the land, is given to the same persons to whom the legacies were given, the disposition of the land, does not fail merely because those of the personalty fail by reason of the want of some formality in the execution of the instrument, requisite to constitute it a will of personalty. The gift of the realty is
 
 not
 
 dependent on the efficacy of those of the personalty ; but the only purpose of the reference in the former to the latter is to designate the donees of the land, as a class of persons. The operation of such a designation is as effectual as if those donees were particularly named, although the clauses, in which personal legacies purport to be bestowed on them, fail of that end.
 
 Melchor
 
 v.
 
 Burgen, 1 Dev. &
 
 Bat. Eq. 634.
 

 Then, as to the other sense in which it is said this term “ legatees” is to be taken, it is necessary to say very little. It is perhaps, true, that sometimes, among the very illiterate, heirs or next of kin, or both, are vulgarly called “legatees.” But there has been no such judicial acceptance of that term ; nor can there be, unless it be perfectly plain up.on other parts of instru
 
 *85
 
 ment, that the testator meant it in that sense. We find nothing to control it in this will; and therefore we must understand by it, here, the persons, to whom the testator, had, in the previous parts of the instrument, made or professed to make donations of some sort. It is true it seems singular, that after cutting off two of his children with five shillings, and, at the same time bestowing- bounties on their children, the testator should divide the residue equally among all his children and those same grandchildren. Yet, it must be so, if the testator has said so ; for the Court cannot undertake to recog-nise all incongruities in such wills, nor refuse to carry out the directions of the testator as far as they are intelligible and consistent with law, because we may not be able to account reasonably for them. Indeed, it is often the case, that unlettered men set down to' make their wills without any settled plan in their own minds, and that they are drawn up by persons, not capable of expressing correctly the directions given to them. Nevertheless, the. Court cannot receive their words in any other than their legal sense, unless it be quite clear, in what other sense they were intended. Consequently, it must be declared, that the proceeds of the land are to be equally divided
 
 per capita,
 
 between the widow and the testator’s children, and those of his grand-children, to whom any gift had been made, or purported to have been made, in the previous parts of the will.
 

 Per Curiam.
 

 Decreed accordingly