OWEN EVANS

*v.*

MARY PRICE *et al.*

*Filed at Ottawa November 13, 1886—Rehearing denied March Term, 1887.*

1. DESCENTS—*as to estate of illegitimate—on renunciation of will by widow.* Under the act of 1872, where an illegitimate person died testate, leaving a widow and no descendants, his widow, upon renunciation of his will within one year after its probate, took, absolutely, the whole of his estate, both real and personal.

2. SAME—*of the terms of the widow's renunciation, as affecting her rights under the statute.* Where a widow of a deceased illegitimate testator renounces the provisions made for her by will, the statute fixes her rights in the estate, whether she claims them specifically or not in her renunciation. A statement in her written renunciation that she elects to take dower, will not prevent her from taking as heir, where the testator left no issue or descendants.

3. WILL—*power to dispose of property by will—subject to control of the law.* The privilege of a person to dispose of his property by will is not a natural right, but depends for its existence on positive law. It is wholly within the control of law.

4. SAME—"*devise*"—"*bequest*"—"*legacy*"—*defined and distinguished.* A legacy is a gift of personal estate by will, while the word "devise" is usually employed to denote a gift, by will, of real estate, or an interest therein. But the word "bequest" may mean any gift by will, whether of real or personal property. In section 10 of the Dower act of 1845, the words "devise" and "bequest" seem to have been used as convertible terms.

APPEAL from the Circuit Court of Kane county; the Hon. ISAAC G. WILSON, Judge, presiding.

Mr. GEORGE BURRY, and Mr. GEORGE BASS, for the appellant:

Every man of sound mind may make a will. The construction urged by the defendants would, without reason, deprive a class of that right. Rev. Stat. chap. 109, sec. 1; *McMurphy* v. *Boyles,* 49 Ill. 110.

The surviving wife of a testator may renounce the will, and claim dower as widow, or if the husband was childless, she,

having renounced the will and claimed dower as widow, may further renounce the dower and claim an absolute estate as. heir. Rev. Stat. 1845, chap. 34, secs. 10, 11, 15; *McMurphy* v. *Boyles,* 49 Ill. 114; *Skinner* v. *Newberry,* 51 id. 204; *Sturgis* v. *Ewing,* 18 id. 180; *Lessley* v. *Lessley,* 44 id. 528; Rev. Stat. 1874, chap. 41, secs. 10, 11, 12.

In this case the widow elected to take dower as widow,— not an absolute estate as heir.

The legislature does not possess power to pass unequal and partial laws. It can not pass a law giving all persons the right to dispose of property by will, and by a proviso deny such right to certain persons. Cooley's Const. 'Lim. 393; *Lewis* v. *Nibb,* 3 Greenlf. 336; *Durkee* v. *Jaynesville,* 28 Wis. 464; *Bull* v. *Conroe,* 13 id. 238; *State Bank* v. *Cooper,* 2 Yerg. 599; *Budd* v. *State,* 3 Humph. 483.

Mr. A. J. HOPKINS, Mr. N. J. ALDRICH, and Mr. F. H. THATCHER, for the appellees, referred to Rev. Stat. 1845, chap. 34, secs. 10, 11, 15; Rev. Stat. 1874, chap. 3, sec. 78; 2 Gross' Stat. chap. 109, sec. 2.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

The bill in this case was brought by Owen Evans, against. Mary Price and others, and is for the partition of certain lands. of which David J. Evans died seized, and for other relief. Under the will of David J. Evans, which was duly admitted to probate, complainant claims one-half of the lands involved,. and concedes the other half belongs to Mary Price, the widow of the testator, or to her grantees. After the payment of his debts, the testator, by his will, gave the residue of his property, both real and personal, to his wife, during the term of her natural life, and after her death, to complainant, on condition he would live on his farm in the town of Big Rock. On the same day the will was admitted to probate, the widow filed.

her written renunciation of its provisions in her favor, and requested that it be made a matter of record, which was done. There is no controversy as to the other principal facts out of which the questions of law involved arise. It is conceded the testator was an "illegitimate person," as that term is used in the statute; that his parents never intermarried; that he died leaving no child nor descendant or descendants of any child, and that his widow, now Mary Price, survived him.

On this state of facts, since the widow renounced the provisions of the will in her favor, the sole question is, what interest does the surviving widow take in the estate of her late husband? Complainant insists, that under the will he is entitled to one-half of the residue of the property, after the payment of the debts of the estate, while defendant insists, that under the statute then in force the widow took the entire residue of the property, both real and personal, as her absolute estate.

As the questions raised involve a construction of the statute then in force, it becomes necessary to note that the testator died on the 20th day of March, 1874, that his will was admitted to probate on the 20th day of April, 1874, and that the renunciation by the widow, of the provisions of the will in her favor, was made on the same day. Section 78 of the act of March, 1872, in relation to the administration of estates, was then in force. It provides, "the widow or surviving husband of a testate may, at any time within one year from the time at which the will of her or his testate husband or wife was admitted to probate, renounce, in writing, all her or his claim to the legacy and bequest made for her or him in such will, in which case she or he shall be allowed the same property as if the husband or wife had died intestate." This section of the statute was repealed by the 47th section of the Dower act, in force July 1, 1874, but with the proviso, the repealing section should "not be so construed as to affect any right existing or action pending at the time this act shall take

effect." It would therefore seem, this section of the statute must be considered in determining the rights of the parties.

Regarding this section as a valid law, it may be inquired, what share of the estate of a deceased "illegitimate intestate" does his surviving widow take, where the deceased leaves no child? That question is definitely settled by the third division of section 2 of the act of 1872, in relation to "Descents," which declares: "In case of the death of an illegitimate intestate, leaving no child nor the descendants of a child, the whole estate, personal and real, shall descend to and absolutely vest in the widow or surviving husband." Were these the only provisions of the statute affecting the interests of the parties involved, and construing them together, the case would present no difficulty whatever. The testator was an illegitimate person, and died leaving no child nor descendants of a child, and his widow renounced the benefit of the will in her behalf. That being so, the 78th section of the statute is imperative, "she shall be allowed the same property" as if her husband had died intestate. What would that be? In case of illegitimate intestates the statute provides, the "whole estate, personal and real, shall descend to and absolutely vest in the widow." Of course, under these sections of the statute, admitting their controlling force, the surviving widow in this case would take the whole estate, both personal and real, as in the case of the intestacy of an illegitimate person dying childless, and the provisions of the statute in this respect are so plain as to admit of no construction.

The principal argument, however, is made on the other branches of the case. It is said the wife of a testator may renounce the will and claim dower, or, if the husband was childless, she having renounced the will and claimed dower, as widow, she might further renounce, and claim an absolute estate as heir. This proposition, so far as it can be pertinent to the present discussion, rests on the assumption, the widow of the testator, in this case, should have complied with sec-

tions 10, 11 and 15 of the Dower act of 1845. That was not necessary when her renunciation was made. It is true, neither of these sections was repealed by the act of 1872, by any specific reference to them. It will be recollected the renunciation was made on the 20th day of April, 1874. Section 78 of the act of 1872, in relation to the administration of estates, was then in force. It is essentially different from the sections of the Dower act of 1845, cited by counsel. Section 10 of that act declares, any devise of land, or any interest therein, will bar the widow's dower in land, or her share of the personal estate of her husband, unless otherwise expressed in the will; but she was given an election whether to renounce the benefit of such devise or bequest, and take dower in the lands and her share of the personal estate. Section 11 of the same act does little more than give the form of the renunciation, and declares when it must be made, and the effect thereof when made,—that is, that the widow, on renouncing the will, shall be entitled to dower in the lands, and to her share in the personal estate of her husband. Section 15 of the same act has always, since the decision in *Sturgis* v. *Ewing,* 18 Ill. 182, been held to be applicable to testate estates. It declares, the widow, on making an election, when the husband dies leaving no children nor descendants of any children, may take in lieu of dower, absolutely and in her own right, one-half of all the real estate of her husband. But section 78 of the act of 1872, as has been seen, gives the widow, on simply renouncing, in writing, the will, at any time within one year from the date of the probate thereof, the same property as if her husband had died intestate. That, in case of illegitimate persons, would be the whole estate, personal and real. Section 78 of the act of 1872 was a later expression of the legislative will on this subject, and must control, so long as it remained in force, and since, as to all rights saved by the repealing clause of the act of 1874. Hence the sections cited from the Dower act of 1845 can have no application.

Another objection pressed on the attention of the court is, that by the written renunciation in the case she elected to take dower as widow, and not an absolute estate as heir. The form used in making the renunciation was no doubt an old one, used under the former statutes, and was not prepared with reference to the recent statute. However that may be, it is plain, the widow plainly and clearly renounced all the provisions of the will of her husband, and the law then fixed what estate she would take. It matters little what she claimed or did not claim. Her rights were fixed by statute, on renouncing the will, and they could not be affected by claiming, or omitting to claim, any specific estate. Such rights were determined by section 78 of the act of 1872, and not by sections 9 and 10 of the Dower act of 1845.

But an objection broader in its scope is, that if section 78 of the act of 1872 is to control, instead of section 15 of the Dower act of 1845, the effect would be to repeal section 1 of "Wills," which provides that all persons of certain ages and of sound mind, under certain forms, shall have power to devise their estate, at least so far as illegitimates are concerned, who may die without lineal descendants, because when such persons die intestate the widow takes the whole estate,—that is, it would render it impossible for an illegitimate person who is married, and has no children nor descendants of any children, to dispose of any of his property, either personal or real, by will, as other persons may do. That, it is said, would be "unequal and partial legislation," and ought not to be permitted. Two answers may be made to the position taken : First, it is not more unequal than many other provisions of the statute in regard to wills or the descent of property of deceased persons, the validity of which are not now, and never were, called in question. No married man or woman who has no children nor descendants of children, can dispose of by will, notwithstanding section 1 of the Statute of Wills, of more than one-half of his or her estate, both personal and

real, unless his widow or her husband may acquiesce in the provisions of his or her will that he or she has made for her or him. Either may renounce the will, and take, under the statute, one-half of the whole estate, both real and personal, in her or his own absolute right. On the other hand, celibates may dispose of their entire estates by will. Second, the privilege of a person to dispose of her or his estate by will is not a natural right. It depends for its existence on positive law. It is wholly within the control of the law-making power. It may be given, or it may be taken away. When the legislature has declared the law in respect to such matters, the court can do no more than cause such laws to be administered, whether they affect all persons exactly alike or not. It has been seen that the laws of descent are variant as respects certain classes of persons under certain circumstances, but such laws will not be regarded as inoperative for that reason. It may be said, as the fact is, the statute now being considered, as do all other statutory laws of descent, operates precisely the same in respect to all persons coming within the same description under like circumstances, and it is not accurate, therefore, to say, it is "unequal and partial legislation," and for that reason without the domain of legitimate legislation.

It is also said, in argument, that section 78 only requires the widow to renounce all claim to the legacies and bequests, and that she might therefore claim all the devises, and, having renounced all legacies and bequests, claim all benefits given by that section. This is not a correct reading of this section of the statute. A legacy, of course, is a gift of personal estate by will. The word "devise" is usually employed to denote a gift, by will, of real estate, or an interest therein. But the word "bequest" may mean any gift by will, whether it consists of personal or real property. In section 10 of the Dower act of 1845, the words *devise* and *bequest* seem to have been used as convertible terms, and as meaning a gift, by will, of land, or an interest therein.

The circuit court construed the statute correctly, and its decree must be affirmed. *Decree affirmed.*

SCHOLFIELD, MULKEY and SHOPE, JJ., dissenting. See page 663, *post.*