FRANK W. WILSON, Appellee, *vs.* CHARLES W. WILSON *et al.* Appellants.

*Opinion filed December 17, 1913.*

1. WILLS—*construction favored by the courts cannot prevail against a contrary intention of the testator.* While courts favor such a construction of a will as will give an estate of inheritance to the first taker, yet such a construction cannot prevail against a contrary intention expressed by the testator.

2. SAME—*word "legacy" is not limited to its technical meaning of a bequest of personal property.* In construing a will the court will construe the words "legacy" and "devise" according to the meaning intended by the testator without regard to their technical meaning, and may construe the word "legacy" as referring to land and "devise" as referring to personal property.

3. SAME—*when word "heirs" will be held to mean "children."* Where a testator dies leaving children and step-children, the word "heirs," used in a provision in his will that if any of his children shall die "leaving no heirs" the "legacy" of such child shall go to the testator's "living heirs," will in both instances be construed as meaning "children," particularly where the testator, in previous clauses giving lands to his children, has expressed his intention that the land shall remain in his family.

4. SAME—*when reference to death of devisee means death at any time.* Where the testator provides that in case any of his children to whom he has devised land shall die "leaving no heirs" the "legacy" of such child shall go to the testator's "living heirs," the reference to the death of the devisees is coupled with a circumstance which may or may not take place, namely, death without leaving issue, (the word "heirs" being construed as "children,") and hence the reference to such death means death at any time, either before or after the death of the testator.

5. SAME—*what words cannot be construed as conferring any power upon the devisee.* A provision in a will expressing the testator's desire, in case any of his children shall die without issue, that "what they died possessed of" shall go to the testator's living heirs, cannot be construed as conferring any power upon the devisees to convey the land in fee simple nor any power whatever.

6. SAME—*when devisee takes a determinable fee.* A devise of land to the testator's son, to have and to hold "to the said Joseph F. Wilson and his heirs forever, to remain in the Wilson family," would, under section 13 of the Conveyances act, be a devise of an unlimited fee if there were no further provisions in the will, but

a subsequent provision that in case the devisee shall die without issue his share shall go to the testator's living children makes the devise one of a determinable fee, and upon his death, without issue, during the testator's lifetime his share goes to the testator's living children and not to the heirs of the devisee.

APPEAL from the Circuit Court of Clay county; the Hon. ALBERT M. ROSE, Judge, presiding.

GEORGE I. DANKS, and ULYSSES S. SCHWARTZ, (CHAS. P. SCHWARTZ, of counsel,) for appellants.

JAMES H. SMITH, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellee filed his bill in the circuit court of Clay county for the partition between himself and certain defendants named, of certain lands described. He claimed title to an interest in the land through the will of his father, William Wilson, who died testate in 1893, owning certain real estate and personal property. He left surviving him a widow, who was his second wife. He also left surviving him six children by his first wife and four by his surviving widow, who also had two children by a former marriage. The will consisted of ten clauses. Clause 1 provided for the appointment of appraisers. Clauses 2 and 3 are specific bequests of personal property. Clause 4 is a devise of all the real estate of testator to his widow, Ellen Wilson, to have and to hold so long as she remains his widow. Clauses 5, 6, 7 and 8 provide for the disposition of testator's real estate after his widow's death, giving the same to four named children, and are in substantially the same words. Clause 6, devising land to Joseph F. Wilson, now deceased, and for the partition of which this bill was filed, is as follows: "I give and devise to my son, Joseph F. Wilson, [description of land,] to have and to hold the above described premises, together with all hereditaments and appurtenances hereunto belonging or in anywise appertaining,

to the said Joseph F. Wilson and his heirs forever, to remain in the Wilson family." As before stated, clauses 5, 7 and 8, devising land to Charles, Emma and Henrietta, are the same as clause 6 above set out. . Joseph F. Wilson died during his minority, in 1897, leaving no issue. The widow of the testator died in 1912, leaving a will, by which she devised her interest in the lands devised to Joseph F. Wilson by his father, to her son Charles W. Wilson, one of the appellants. The ninth clause of William Wilson's will was as as follows: "In case of the death of any of my children leaving no heirs to inherit their legacy, I desire that what they die possessed of be equally divided between my living heirs." Complainant's claim was, and is, that Joseph F. Wilson took under the will a base fee determinable upon his death without issue, and this event having happened, under the ninth clause of the will the land went to the surviving children of the testator. The answer denied the title and interests of the parties were correctly set out in the bill, and averred that William Wilson devised to Joseph Wilson the land in fee simple, subject only to a life estate in the widow, and that upon the death of the said Joseph Wilson the land descended to his mother, brothers and sisters of the whole and half blood. Some of the answering defendants also filed a cross-bill, praying for the construction of the will in accordance with the legal effect and meaning given to it in their answer. The chancellor sustained a demurrer to the cross-bill and dismissed it, and after a hearing entered a decree for partition as prayed in the original bill. The defendants have brought the record here for review by appeal.

In the view we take of the case appellants were not prejudiced by the dismissal of their cross-bill, as the decision of the case necessarily involved a construction of the will by the chancellor.

The question for determination is whether Joseph F. Wilson took a fee simple in the land, which upon his death

went to his heirs. This is the construction appellants contend should be given the will. They insist that construction is the only one authorized by the language of the will and section 13 of our statute on conveyances, which reads: "Every estate in lands which shall be granted, conveyed or devised, although other words heretofore necessary to transfer an estate of inheritance be not added, shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words, or do not appear to have been granted, conveyed or devised by construction or operation of law."

There is no question that the testator might have so limited the devise to his son Joseph that at his death without issue it would have gone to the surviving children of the testator, but appellants contend he did not do so, and that the language of the will does not authorize attributing any such intention to the testator. The testator expressed his intention in the sixth clause that the land should "remain in the Wilson family." If there were no other language in the will to further evidence the testator's intention, then section 13 of our Conveyances act would apply and the devisee would take an unlimited fee. By clause 9 the testator expressed his will that if any of his children died "leaving no heirs," the "legacy" of such child should go to the testator's "living heirs." The word "heirs" is used twice in the ninth clause, once referring to the devisee and once to the testator. We are of opinion "heirs," as here used, means "children" in both instances. The testator in the sixth clause indicated his intention that the land should remain in the Wilson family. He knew that his two step-children, being brother and sister of the half blood to the devisee, might be the devisee's heirs and in that event the land would pass out of the Wilson family, so he must, we think, have meant that if the devisee died without leaving children to take the land it should go to the testator's living heirs, meaning also his children. The

261 — 12

death of the devisee referred to in the ninth clause was coupled with other circumstances which might or might not take place, namely, death without issue, so that the testator meant death at any time, and not the death of the devisee before his death. *Fifer* v. *Allen,* 228 Ill. 507.

Appellants contend that the ninth clause cannot be sustained as an executory devise because it gives the devisee power, in his lifetime, to convey the land in fee simple. In *Williams* v. *Elliott,* 246 Ill. 548, it was held that where an absolute power to dispose of the fee is given the first taker, a devise over is void either as a remainder or executory devise. This contention of appellants is based upon the words of said clause 9 that in case of the death of any of the testator's children he desired "what they die possessed of" should go to his living heirs. There is no other language in the will to sustain appellants' argument. We do not think "what they die possessed of" can be construed to confer any power whatever upon the devisee. *Orr* v. *Yates,* 209 Ill. 222.

It is further insisted that by the use of the word "legacy" in the ninth clause the testator only intended that clause to apply to gifts of personal estate. Technically, a "legacy" means a gift of personal property by will, but it is well known that in common practice it is frequently used in referring to a gift of real estate and the word "devise" is often used in referring to a gift of personal property. In construing wills courts will give to either term the meaning intended by the testator, without regard to its strict technical meaning. (18 Am. & Eng. Ency. of Law, 709.) We can see no reason for construing said ninth clause to have been intended by the testator to apply only to gifts of personalty. That he did not, seems obvious from an examination of the whole will.

Applying the oft repeated rule that in construing wills the intention of the testator as indicated by the language of the will must be given effect if not contrary to some

rule of law or to public policy, we must hold that the will gave Joseph F. Wilson a determinable fee, with an executory devise over in case the contingency upon which the fee should become absolute never happened, and that upon his death without issue the land devised him by the sixth clause went to the surviving children of testator. While courts are inclined to adopt such a construction of a will as will give to the first donee an estate of inheritance, when the testator expresses a contrary intention such intention must govern.

The decree of the circuit court is affirmed.

*Decree affirmed.*