(No. 31401.—

JAMES STORKAN, Successor Trustee, Appellee, *vs.* JOHN
JAMES ZISKA, Appellant.

*Opinion filed May 18, 1950—Rehearing denied September 18, 1950.*

260

WILLIAM M. JAMES, and WISCH, CRANE & COTTER, both of Chicago, (MYRON E. WISCH, and BENJAMIN B. CRANE, of counsel,) for appellant.

JAROS & TITTLE, of Chicago, (VERNON TITTLE, of counsel,) for appellee.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

This suit was brought by James Storkan, appellee and successor trustee, to construe a trust made by John Kralovec in favor of his five children named in the trust agreement. A decree was entered in the superior court of Cook County, finding that Adela K. Ziska in her lifetime was possessed of a vested interest in personal property, which passed by her will to her brothers and son, John James Ziska, appellant, in equal parts. This decree was affirmed by the Appellate Court for the First District and we have granted leave to appeal.

The pertinent provisions of the trust agreement in question are as follows:

"This agreement, made this Eighth day of February, A.D. 1927 between John Kralovec, of the City of Chicago, County of Cook and State of Illinois, party of the first part, and Kaspar American State Bank, a corporation duly organized and existing under the laws of the State of Illinois, having its office in the City of Chicago, party of the second part:

"The said party of the first part, for and in consideration of One Dollar ($1.00), and other good and valuable considerations to him in hand paid, the receipt whereof is hereby acknowledged, does by these presents transfer, assign and deliver to said party of the second part, as trustee, the following, to-wit: Three Hundred shares of stock of the Atlas Brewing Company, to have and to hold the said property in trust for the uses and purposes and upon the terms in this agreement set forth.

"The income from said trust estate shall be paid over to said John Kralovec for and during the period of his natural life, or to such person or persons as he shall from time to time direct, and after the death of said John Kralovec the net income from said trust fund shall be paid over to five of his children, namely;

Marie E. Storkan, Otto J. Kralovec, Emil G. Kralovec, Adela K. Ziska and Robert J. Kralovec, to be divided between them in equal shares.

"Said trustee shall have full power and authority to sell said Three Hundred (300) shares of stock only in the event that the entire three hundred shares of stock are sold and only with the consent in writing of all of the five beneficiaries, namely: Marie E. Storkan, Otto J. Kralovec, Emil G. Kralovec, Adela K. Ziska and Robert J. Kralovec, or the survivors of them; it being the intention that a portion of said shares of stock cannot be sold, but only the entire three hundred shares can be sold in bulk and only with the consent of all of the five beneficiaries or the survivors of them, and the proceeds derived from the sale of said shares of stock shall be divided in equal shares among said Marie E. Storkan, Otto J. Kralovec, Emil G. Kralovec, Adela K. Ziska and Robert J. Kralovec, and in no case shall any party dealing with said trustee in relation to said property, or to whom said property shall be sold by said trustee, be obliged to see to the application of the purchase money.

"In the event that said shares of stock are not sold within the period of twenty-one years after the death of said John Kralovec then upon the expiration of said twenty-one years the trust hereby created shall terminate and the said trustee shall divide said shares of stock among said Marie E. Storkan, Otto J. Kralovec, Emil G. Kralovec, Adela K. Ziska, and Robert J. Kralovec in equal shares. And in case of the death of any of said children, then such shares coming to such deceased child or children shall descend to the heirs of such deceased child or children."

The facts disclose that the Kaspar American State Bank duly executed said agreement and undertook to act as trustee thereunder; that pursuant thereto, John Kralovec delivered three hundred shares of capital stock of the Atlas Brewing Company to the said bank as trustee. John Kralovec died February 27, 1931, and on September 26, 1932, by virtue of a decree entered in the case of People of the State of Illinois v. Kaspar American State Bank, Superior Court of Cook County, the plaintiff in the trial court, James Storkan, was duly appointed successor trustee, accepted, received the stock and is now the acting successor trustee. June 17, 1940, Adela K. Ziska, one of the beneficiaries named in the trust, died leaving a last will and testament which was duly admitted to probate in the probate court

of Cook County. In and by said will she devised all her property to her brothers, Otto J. Kralovec, Emil G. Kralovec, Robert J. Kralovec, and her son, John James Ziska, in equal shares. At the time of her death she was divorced from John J. Ziska and had not remarried, and she was survived by her two sons, John James Ziska and Richard E. Ziska, as her next of kin and heirs-at-law. Richard E. Ziska died March 1, 1948. On May 1, 1948, the Atlas Brewing Company declared a dividend on the stock referred to in the trust agreement amounting to $30,000. This sum was equally distributed among all the beneficiaries named in the trust agreeement, except the share of Adela K. Ziska.

The theory of the appellee as successor trustee is that the fourth and fifth clauses of the trust agreement are ambiguous and he asks for a construction of the trust instrument. It was the contention of the appellant, who was a defendant in the trial court, that the language in the trust instrument clearly and plainly directed that in the event that one of the children named therein should die before the termination of the trust, that child's share should go to that child's heirs-at-law, and that the intention of the settlor in the instrument should be carried out regardless of any technical rules of construction; that the language of the trust instrument is such that if one of the beneficiaries therein named dies before the trust is terminated, that beneficiary's share either descends to the heirs-at-law of that beneficiary determined as of the time of the trust, or to the heirs-at-law of that beneficiary determined as of the death of that beneficiary, and the interest of the beneficiary who so died could not be bequeathed by a last will and testament.

We find from the trust agreement that 300 shares of stock of the Atlas Brewing Company was placed in the hands of the named trustee, with the understanding that the income should be paid to the settlor for and during his natural life, and after his death to his five named children,

to be divided equally between them. It further provides that the trustee should have power to sell the stock only in the event that the five beneficiaries should each consent to the sale, and then only that the entire 300 shares could be sold in bulk. Further provision is made that in the event the shares of stock are not sold within the period of 21 years after the death of the settlor, then the trust was terminated and the trustee should divide the shares of stock between the five named beneficiaries in equal shares. Then this provision was added, "And in case of the death of any of said children, then such shares coming to such deceased child or children shall descend to the heirs of such deceased child or children."

A trust is to be interpreted for the real purpose of determining the settlor's intention. The same rules of construction used in regard to wills are alike applicable to the construction of trust agreements. General rules of construction of written instruments apply to the construction of trust instruments, whether they are contracts, deeds, or wills. (54 Am. Jur. 34, par. 17; *Bear* v. *Millikin Trust Co.* 336 Ill. 366.) The question then of paramount importance is the settlor's intention. This seems to be the general purpose, rather than to determine which technical rule of construction can be applied to the facts and adopted regardless of the stated and apparent intention and desire of the settlor.

We have held that technical rules of construction of trusts and wills are not present in the testator's mind at the time he is making his bequest in a will or trust. In construing a will the intention is to be gathered from the whole instrument. If the intention may be gathered from its language without reference to rules of construction, there is no occasion to use the latter. Where the use of rules as to a presumed intention so twist and warp the evident meaning of a will as to render it ambiguous or unreasonable, and when, on the other hand, the words used

in their ordinary sense are plain and their meaning clear, construction demands the use of the plain intention over the presumed intention, which is fixed by rules used only where the actual intent cannot be ascertained. *Stagg* v. *Phenix*, 401 Ill. 134.

Appellee urges the question to be determined is whether the interest of the named beneficiary in the trust is a vested or contingent interest, it being appellee's position that the interest is vested in the named beneficiaries, and that hence it is vested in the *cestui que trust*, and that Adela K. Ziska, one of the named beneficiaries, acquired a vested interest which she could dispose of by will.

Appellant urges that the trust was not to vest at the time of the death of the settlor but the vesting was postponed until the period fixed for distribution; that the language of the trust agreement is specific and unambiguous and clearly indicates this to be the intent of the settlor.

It is, of course, elementary that the law favors the vesting of interest unless the testator has manifested a different intention. We held, in the case of *Armstrong* v. *Barber*, 239 Ill. 389, "The paramount rule in the exposition of wills, to which all others must bend, is, that the intention of the testator as expressed in the will must be ascertained and given effect if not prohibited by law." The Appellate Court in its decision has reached the conclusion that the interest was vested and therefore the beneficiary has the right and power to dispose of that interest. Likewise, the appellee contends that the equitable interest has vested in the beneficiary and she may therefore dispose of it. The answer to the question of whether it is a vested or contingent interest is not sufficiently comprehensive to here settle the controversy. In the case of *Danz* v. *Danz*, 373 Ill. 482, the testator in his will gave his wife an estate for life or until her remarriage, and, upon the happening of either, the remainder was to go to his nephew or niece with an executory devise over in the event of the death of either

prior to the death or remarriage of the widow. The court there, at page 486, quoting from Gray's Rule Against Perpetuities, section 108, said: "Whether a remainder is vested or contingent depends upon the language employed. If the conditional element is incorporated into the description of, or into the gift to the remaindermen, then the remainder is contingent; but if, after words giving a vested interest, a clause is added divesting it, the remainder is vested." This court said that the conditional element, which was the survival of the remaindermen, was not incorporated into the description of, nor into the gift to the remaindermen, but was subsequently inserted as a clause divesting the estate. To this the court said, (page 487,) "the remainder was clearly vested with a right to future enjoyment, subject to being divested upon the named contingency."

From the language of the trust here, the settlor created a vested interest in the beneficiary, Adela K. Ziska, by what amounts to a base or determinable fee in her, however, such a vested interest may be divested upon the happening of the named contingency. (*Smith* v. *Shepard,* 370 Ill. 491.) An executory devise is indestructible; upon the happening of the specified event it springs into being, terminating the preceding determinable fee, and is entirely free from conveyance, lien or charge. (*Smith* v. *Shepard,* 370 Ill. 491.) The fact that the conveyance is chattel or personal rather than real property makes no difference, as a limitation over of chattels is good as an executory devise. *Blackstone* v. *Althouse,* 278 Ill. 481.

Here, there was created a vested interest in Adela K. Ziska, but a clause was added by the settlor making it subject to being divested. Still the interest is vested. The conditional element which was specifically set forth in the trust agreement that in case of the death of a beneficiary, then such shares should descend to the heirs of such deceased, was not incorporated into the description of, nor into the gift to, the remaindermen, but was subsequently

inserted as a clause making the estate subject to being divested. Here, as in the case of *Danz* v. *Danz,* 373 Ill. 482, the remainder was clearly vested with a right to future enjoyment, subject to being divested upon the named contingency. What was really created then by the trust agreement was an executory interest. These are frequently called and referred to as executory devises and are applicable to testamentary dispositions of personal property as well as to real estate. Strictly speaking, when considering personalty, they are executory bequests. (*Defrees* v. *Brydon,* 275 Ill. 530.) The remainder or executory bequest, to be valid, must not have created in the first taker the absolute power of disposition of the property. If the first taker has the absolute right of alienation without limitation, qualification or condition, then there can be no executory bequest because the absolute power of disposition is inconsistent with, and repugnant to, the limitation attempted to be imposed upon it by such devise. *Sweet* v. *Arnold,* 322 Ill. 597.

The question is presented at this point as to whether or not the power of disposition is so absolute and unlimited that it may be exercised in the lifetime of Adela K. Ziska, or by her will at death, to defeat the executory interest. We find in the case of *Defrees* v. *Brydon,* 275 Ill. 530, the testator gave the residue of his estate to trustees "in trust for the sole use, ownership, benefit and behoof" of his five children "in equal parts, share and share alike. They, my said children, each to have, hold and own the one-fifth part of the proceeds thereof annually, and when the said fund shall be divided by said trustees or their successors, to have the one-fifth part of the principal thereof to her or him or her or his heirs forever, but until such division and the termination of the trust to be subject to the trust hereby made." After making this provision the testator added the following: "If any of said children shall die before I do, or afterwards, without leaving issue, such deceased

child's share shall go, and is hereby bequeathed, to my surviving children and their heirs, equally. In all cases, the child or children of any of my children who may die shall take his or her deceased parent's share only. If any of my above named children shall die leaving issue and such issue shall die childless, then in that case all property derived from me shall go to my other children and their heirs, such heirs to have only their ancestor's part in any case." The court, in passing upon and construing this provision of the will, held that the children of the testator took a base or determinable fee in the property devised to them, subject to be divested and revert to the children of the grantor, in accordance with the provisions of the will, in case of the death of any child or children without leaving issue. There, the appellee insisted that the executory devise, which was created by the will, was void for the reason that it vested the first taker with absolute power of disposition of the property, which was inconsistent with and repugnant to the limitation attempted to be imposed upon it. The court held that while the language strongly implied such power, it could not be so construed, and therefore would not render the executory devise or bequest void. The court observed that the power created was not an absolute right of disposition but was limited, and further said, (page 552,) "The power of disposition, in order to defeat the base or determinable fee created by the executory devise, must be absolute and unlimited, and such that it may be exercised during the lifetime of the devisee as well as by will at death."

Upon the death of Adela K. Ziska, prior to vesting of the beneficial interests in accordance with the terms of the trust, her interest vested in her heirs pursuant to the written expressed will of the trust agreement. Here, the right to dispose of the corpus was conditional upon each of the beneficiaries agreeing, in writing, to the sale by the trustee.

This is the only manner the stock could be disposed of. Further provision was added that if the stock was not disposed of within twenty-one years, then the stock should be divided in equal shares among his named five children. Then the testator and settlor added the limitation that in case of the death of any such child, then such shares to go to the heirs of such deceased child. It cannot be said here that the named beneficiaries had the absolute and unconditional power of disposition. They had a conditional right, conditioned upon the written consent of all, to direct the trustee to sell the entire block of stock. It was not such complete and unrestricted right of ownership in the corpus that would defeat the remainder passing by way of an executory interest.

The appellee cites a number of cases wherein it is contended the language used constitutes a vested interest. Among those cited are *Brinkerhoff* v. *Ridgely,* 232 Ill. App. 12, *Northern Trust Co.* v. *Wheaton,* 249 Ill. 606, and *Knight* v. *Pottgieser,* 176 Ill. 368, with several other cases which we have carefully noted. However, as we have heretofore pointed out, from an analysis of the trust agreement, it is unnecessary to resort to technical rules of construction to ascertain the intent of the settlor. From reading these cases cited by appellee, there is considerable doubt, even though it were necessary to apply rules of construction, as to whether the rules as contended for are proper in their application to the instant trust agreement. We are of the opinion the plain intention of the settlor may be ascertained from the unambiguous language of the trust agreement.

The judgment of the Appellate Court and the decree of the superior court are reversed and the cause is remanded to the superior court to enter a decree in accordance with the views herein expressed.

*Reversed and remanded.*