Oscar Schoendienst, Executor of the Last Will and Testament of Sallie Sadler Norcross, Deceased, Plaintiff-Appellee, v. Jordan Fink, Wilene Fink Smith, First Methodist Church of Carlyle, Illinois, a Religious Corporation, Immanuel United Church of Christ, Carlyle, Illinois, a Duly Organized Unincorporated Religious Association, First Baptist Church of Carlyle, Illinois, a Duly Organized Unincorporated Religious Association, Fernando Norcross, et al., Defendants, and Scott Lodge No. 79, A F & A M, Carlyle, Illinois, a Duly Organized Unincorporated Association and Carlyle Chapter Order of the Eastern Star 518, Carlyle, Illinois, a Duly Organized Unincorporated Association, Defendants-Appellants, and Carlyle Cemetery Association, Carlyle, Illinois, a General Not for Profit Corporation, Irene Davis, et al., Defendants-Cross Appellants.

Gen. No. 64–85.

Fifth District.

March 24, 1965.

Supplemental opinion, May 21, 1965.

Holt, House & DeMoss, of Nashville, for appellants.

Eldon E. Hazlet and William W. Warren, of Carlyle, for defendants-cross appellants.

GOLDENHERSH, J.

Sallie Sadler Norcross died testate on October 11, 1962. Her last will and testament executed on April 7, 1959, and a codicil dated June 12, 1961, were admitted to probate. Her executor filed suit to construe the clauses of her will hereinafter set forth.

> "EIGHTEENTH—I give and bequeath our home at 710 Fairfax Street in Carlyle, Illinois, to Scott Lodge No. 79 A F & A M, of Carlyle, Illinois, and Carlyle Chapter Order of the Eastern Star 518 of Carlyle, Illinois, with all contents except moneys, stocks and bonds and other personal clothing."

As to this clause, the executor seeks to determine, since the word "devise" was not used, whether the donees were given a fee interest in the real estate, or the gift was of the home and contents only, thus effecting a severance of the improvements from the real estate.

> "TWENTIETH—All the rest and residue of my property I give and bequeath to my beloved husband, Henry C. Norcross, if he lives longer than I do. In the event he dies before I do, then and only in that case all the rest and residue of my property is to be divided among the above named legatees in the same proportion as the amount of their legacy as herein specified. I do not wish my

205

blood cousin, H. A. Williams, or his wife to partici-
pate in this residuary clause of my Estate."

As to this clause, the executor seeks to determine
whether the word "legatee" limits participation in the
residuary estate to beneficiaries taking only personal
property under other provisions of the will, and wheth-
er the "amount of their legacy" to be considered in
ascertaining their respective portions of the residuary
estate is limited to the value of personal property the
legatee receives.

The complaint further states that if the court con-
strues the terms "legatee" and "legacy" as used in the
residuary clause (Twentieth supra) so that only the
value of the personal property received by a legatee
is considered in ascertaining his share of the residuary
estate, then the court must construe the following
paragraphs from the codicil to testator's will:

"1.  I give and devise and bequeath unto Jordan
Fink of Columbus, Ohio, nephew of Henry C. Nor-
cross, Deceased, the sum of $1,000.00, and also a
proportionate residuary share in my Estate with
the other devisees and legatees thereof, as set
forth in my last will and testament, provided he
outlives me.
"2.  I give and devise and bequeath unto Wilene
Fink Smith, of Columbus, Ohio, niece of Henry C.
Norcross, Deceased, the sum of $1,000.00 and also
a proportionate residuary share in my Estate with
the other devisees and legatees thereof, as set
forth in my last will and testament, provided she
outlives me.",

for the purpose of determining whether the gift of "a
proportionate residuary share in my estate with the
other devisees and legatees thereof" changes the bene-

ficiaries of the residuary estate to include devisees not specifically excluded, and permits considering the value of real estate received by a devisee in determining the proportionate shares in the residuary estate.

Testatrix's husband, Henry C. Norcross, predeceased her. The cousin, H. A. Williams, and his wife, referred to in Paragraph Twentieth, are the devisees of 120 acres of land in another paragraph of the will. These devisees are the only ones specifically excluded from participation in the residuary estate. In the will and codicil, there are 16 specific bequests of money in varying sums, and two devises of real estate other than that involved in Paragraph Eighteenth. In the body of the will, the gifts of money are made in paragraphs which commence "I give and bequeath." The two devises of real estate above mentioned are set out in paragraphs which commence "I give and devise." The two paragraphs in the codicil which make two gifts of money, commence in each instance, "I give and devise and bequeath."

The appellants here are Scott Lodge No. 79 A F & A M of Carlyle, and Carlyle Chapter Order of the Eastern Star 518, hereinafter referred to as appellants. The cross appellants are Carlyle Cemetery Association, Janet Rabus and Irene Davis, to whom testatrix bequeathed money, $1,000 each to the cemetery association and Mrs. Rabus, and $1,500 to Mrs. Davis.

The Circuit Court rendered its decree wherein it found:

> "(a) That the word 'legatee' is a technical term having reference to a beneficiary of personal property.
> "(b) That the word 'give' and 'home' are generic terms covering both real and personal property.

207

"(c) That said Last Will did not operate to create a severance of the improvements from the real estate at 710 Fairfax Street.

"(d) That Scott Lodge No. 79 A F & A M of Carlyle, Illinois, and the Carlyle Chapter Order of the Eastern Star, Illinois, were devised the real estate at 710 Fairfax Street in Carlyle, Illinois, including the buildings thereon.

"(e) That said Codicil did not alter the Testator's disposition of the residue of the estate other than to add two more beneficiaries to share therein."

Based on these findings it decreed that:

"(a) Scott Lodge No. 79 A F & A M, Carlyle, Illinois, and the Carlyle Chapter Order of the Eastern Star, Illinois, receive the real estate located at 710 Fairfax Street in Carlyle, Illinois, as well as the buildings thereon and they are hereby found to be the owners in fee simple of such real estate by virtue of the provisions of said Last Will.

"(b) That the rest and residue of the Estate be divided among the surviving named legatees in the same proportion the value of the legacy at date of death bore to the total value of the residue of said Estate and the value of the real estate and improvements thereon at 710 Fairfax Street in Carlyle not be considered in determining the proportionate share of the recipients of said real estate, but that the value of the contents, excepting moneys, stocks, bonds and personal clothing be considered."

The appellants contend that in ascertaining their share of the residuary estate, the value of the real estate at 710 Fairfax Street and the improvements thereon must be considered, and the determination of

208

their share based only upon the value of the contents is erroneous.

The cross appellants contend that the proper construction of the will would give appellants only the building at 710 Fairfax Street and its contents, and the real estate upon which the building is situated is a part of the residuary estate.

■ ■ In construing a will, the provisions of the will and codicil are to be construed as a whole and effect given, if possible, to every part of both. The intention of the testator is to be ascertained and given effect, unless it violates an established rule of law, or public policy. Finnerty v. Neary, 9 Ill2d 495, 138 NE2d 540.

We shall first consider the word "home" as found in Paragraph Eighteenth. Counsel have not cited, nor has this court found, any Illinois case construing the term "home" under these circumstances. In the case of Kennedy v. Kennedy, 105 Ill 350, a devise of the testator's "homestead" was held to be a devise of the entire 636-acre farm upon which the testator resided. In the case of Fuller v. Fuller, 315 Ill 214, 146 NE 174, commencing at page 222, there is found a discussion of cases from a number of jurisdictions, the essence of which is that the devise of a house carries with it all the land necessary to full use and enjoyment thereof. In the case of Cuppett v. Neilly, 143 W Va 845, 105 SE2d, 548, the Supreme Court of Appeals of West Virginia stated that the word "home," when used in a deed, will or other instrument, has a broader meaning than the word "house," as a home includes not only the dwelling house but the entire residence estate and all appurtenances customarily enjoyed by the owner during his lifetime, which tend to make a home a convenient and agreeable place of abode. The devise of a "home" includes not only the testator's dwelling house but the entire parcel of real estate constituting the

209

residence estate. Lewis v. Atkins, 122 Ind App 618, 105 NE2d 183 (Appellate Court of Indiana, In Banc).

■■ The words "legacy" and "legatee," strictly construed, apply to personalty, while the words "devise" and "devisee" are applicable to realty. The term "bequest" may mean any gift by will, whether it consists of real or personal property. Evans v. Price, 118 Ill 593, 8 NE 854, Brittain v. Farrington, 318 Ill 474, 149 NE 486. In Rickman v. Meier, 213 Ill 507, at page 520, 72 NE 1121, the court said: "This Court has heretofore held that while the word 'devise' is usually employed to denote a gift by will of real estate or an interest therein; the word 'bequest' may mean any gift by will whether it consists of personal or real property. (Evans v. Price, 118 Ill 593.) Following this reasoning, it would seem that the use of the word 'bequeath' instead of 'devise' would not necessarily lead to the conclusion that the property which the testatrix thereby intended to dispose of was personalty; but be that as it may, the word 'bequeath' in this residuary clause is coupled with the word 'give,' which is of the largest possible signification, and is applicable as well to real as personal estate."

In Weigel v. Green, 218 Ill 227, at page 239, 75 NE 913, the court said: "although, 'legatee,' is generally the word applied in wills to indicate the taker of personal property, yet it sometimes, when used in connection with the description of land, has the meaning of devisee. In 18 Am & Eng Ency of Law, 2d ed p 821, it is said: 'The word "legatee" means in legal acceptation a donee of personal or movable estate, but it may mean a donee of real estate whenever the testator plainly used it in that sense.' In Chandler's Appeal, 34 Wis 512, it was said: 'The term "legatee" is sometimes used by unprofessional persons in a much broader sense than that above stated. It is not infrequently used as synonymous with "devisee," and

such use is sanctioned by lexicographers. Chattels are bequeathed to a legatee, and real estate is devised to a devisee; yet, according to Webster's Dictionary, the verbs "bequeath" and "devise" are synonyms.' The term 'legatee' as used in a will, may embrace a donee of real property by devise, and there is no reason why the term 'legatee,' when used in a deed, may not for the same reason embrace a donee of real property by devise. (Laing v. Barbour, 119 Mass 523; Den v. Mitchell, 2 Murph (6 NC) 228; Williams v. McComb, 3 Ired Eq (38 NC) 450; Tucker v. Tucker, 5 Ired Eq (40 NC 84)). The terms, 'legatee' and 'devisee,' are more strictly interpreted as referring, the one to personalty, and the other to realty, in the construction of statutes than in the construction of wills and deeds."

In Wilson v. Wilson, 261 Ill 174, at page 178, 103 NE 743, the court said, "Technically, a 'legacy' means a gift of personal property by will, but it is well known that in common practice it is frequently used in referring to a gift of real estate and the word 'devise' is often used in referring to a gift of personal property. In construing wills courts will give to either term the meaning intended by the testator, without regard to its strict technical meaning. (18 Am & Eng Ency of Law, 709.)"

■ In view of the cases cited and quoted, the effect of Paragraph Eighteenth was to give appellants the real estate at 710 Fairfax Street, as well as the building situated thereon, together with its contents, except money, stocks, bonds and clothing.

■■ The clause in the will which disposes of the residuary estate refers to "the above named legatees" (Paragraph Twentieth, supra) and then specifically excludes two named individuals to whom no legacy is bequeathed, but to whom real estate was devised. In both paragraphs of the codicil (supra) the legatees there are specifically given "a proportionate residuary

share in my Estate with the other devisees and legatees thereof." The term "legatee" as used in a will may embrace a donee of real property by devise, Weigel v. Green, 218 Ill 227, 75 NE 913, and the term as used in Paragraph Twentieth need not have been intended to exclude devisees. To the contrary, the specific exclusion of two devisees by name, indicates that such was not the testatrix's intent. Her use of the language in the codicil giving the donees there named a portion of the residuary estate along with the "other devisees and legatees thereof" further indicates her intention that every donee named in the will and codicil participate in the residuary estate, with the exception of the two devisees specifically, by name, excepted.

The decree of the Circuit Court of Clinton County, to the extent that it excludes donees of real estate from participation in the residuary estate is therefore reversed, and the cause remanded, with instructions to enter a decree ordering distribution of the residuary estate to all the legatees and devisees named in the will, except H. A. Williams and his wife, the shares of the respective participants to be in the same proportion as the value of their respective legacies and devises bear to the residuary estate.

Decree affirmed in part, reversed in part, and remanded with directions.

EBERSPACHER, P. J., concurs.

MORAN, J., dissents in part.

I dissent from that portion of the majority opinion which holds that every donee named in the will, except the devisees of real estate specifically excluded, shares in the residuary estate because, in my opinion, the will and codicil when read as a whole and construed together, mean that the testatrix intended to confine the residuary estate to the recipients of specific amounts

of money under the will. The language "all the rest and residue of my property is to be divided among the above named legatees in the amount of their legacy as herein specified" contained in the residuary clause of the will, when read in conjunction with the rest of the will, supports this contention. The quoted language obviously applies only to those clauses in the will in which specific amounts of money were awarded and specific amounts of money, ranging from $500 to $1,500 were given only in Clauses Three through Sixteen with the testatrix, in each instance, using the words, "I give and bequeath."

In addition, the following language: "In case any of the above named parties to whom I have made legacies in this my last will and testament shall die before I do, the legacy given to such party shall abate" was placed between Paragraphs Sixteen and Seventeen of the will. Paragraph Sixteen was the last paragraph which made a specific bequest of money and Paragraph Seventeen was the first of three paragraphs which made a specific devise of real estate. Therefore, the use of the quoted words in this particular place in the will also indicates that every donee of a specific bequest of money in Paragraphs Three through Sixteen was considered a legatee. Since the testatrix then used the words "above named legatees in the amount of their legacy as herein specified" in the residuary clause of the will she meant those donees specified in Paragraphs Three through Sixteen.

It is fundamental in construing wills that the intention of the testator, as determined from the entire will, be given effect unless contrary to law. Such intention is determined in two ways, one, by ascertaining the testator's actual meaning from the words employed, to which all rules of construction give way, and the other, by finding his presumed intention by the application of rules of construction where the

meaning is obscure, doubtful or uncertain. Resort to such rules is necessary, however, only where the actual intent cannot be ascertained. If the intention may be gathered from the language of the will without reference to rules of construction, there is no reason to use them. Wiener v. Severson, 11 Ill2d 347, 143 NE2d 225, and cases cited therein. The majority opinion violates the above principles because it resorts to rules of construction to negate the actual meaning of the language employed by the testator.

If two constructions are each fairly possible, one which indicates an absurd or unjust intention and the other a reasonable and fair intention, the courts will give preference to that construction which indicates a reasonable and fair intention. Page on Wills, Vol 4, p 90, Sec 30.12; Storkan v. Ziska, 406 Ill 259, 94 NE2d 185. Assuming that two different constructions of the will are fairly possible here, the above rule of law applies. Under the majority decision the share of each donee under the residual clause will not be ascertainable without an appraisal of the real estate of those devisees who are to share in the residuary estate. It would seem unreasonable for the testatrix to intend this result. However, if we adopt the construction that only those donees who receive specific money bequests under the will and codicil share in the residuary estate, a reasonable and fair intention will result, because then the share of each recipient of the residuary estate will be definitely ascertainable. For example, a donee receiving $1,000 would be entitled to one-tenth of the residuary estate if the total money bequests under the will came to $10,000 and one-fifth of the residuary estate if the specific money bequests came to $5,000, etc.

I do not agree that the codicil indicated an intention on the part of the testatrix for every donee named in the will and codicil to participate in the residuary

estate, with the exception of the two devisees specifically by name excepted. The testatrix used the words "I give and devise and bequeath" to make specific money bequests in her codicil. She then gave "a proportionate residuary share in my estate with the other devisees and legatees thereof as set forth in my last will and testament." It is not apparent from the will or the codicil that the testatrix always clearly understood the difference between a bequest and a devise or a legatee and devisee. This is clearly shown by the majority decision which properly held that she did not. If a conflict obtains between the will and a codicil, an interpretation is preferred rendering ₒ effective the will and eliminating or reconciling conflicts if such construction is not inconsistent with the general intent of the testator as gathered from the entire instrument. See Illinois Law and Practice, Vol 36, c 7, § 220, p 319.

### SUPPLEMENTAL OPINION ON REHEARING

PER CURIAM:

Upon remanding this case for further proceedings, we had directed that a decree be entered providing for distribution of the residuary estate to all legatees and devisees named in the will of the testatrix, with the exception of two named devisees.

█ In a petition for rehearing, it is pointed out that under the terms of the decree entered by the circuit court, a devisee named in the will and made a party to this cause, was barred from participation in the residuary estate, and failed to appeal therefrom. It is contended that having failed to appeal from the decree, his rights are determined thereby, and he derives no benefit from its partial reversal.

This point is well taken. In Griffin v. Griffin, 29 Ill2d 354, 194 NE2d 641, the court held that the interests of those persons who are made parties to an ac-

215

tion of this kind, and who do not appeal from an adverse decree, are settled and determined by the decree of the trial court. Our prior decision is therefore modified to the extent that the devisee named in Paragraph Seventeenth of the will, is not entitled to any share of the residuary estate. This cause is remanded with directions to enter a decree consistent herewith.

Decree affirmed in part, reversed in part and remanded with directions.